## WILKERSON et al. v. WASSON.

No. 12848—Opinion Filed Oct. 21, 1924.

Rehearing Denied May 5, 1925.

1. **Quieting Title—Action to Remove Cloud and for Damages—Wrongful Placing of Affidavit on Record—Presumption of Malice.**

Where a person places an affidavit on the record to the effect that the affiant had an interest in the real estate described in said affidavit for the purpose of clouding the title of the owner of said real estate, and the owner brings suit against the person placing said cloud upon his title to have the title quieted, and for damages for clouding his title, and the court finds that the person placing said affidavit of record had no title, and that the affidavit was wrongfully and willfully placed on record in an attempt to force the owner to convey to the person making said affidavit an interest in the oil and gas rights under said land, the law will presume that the placing of said affidavit of record was done maliciously.

2. **Same—Attorney's Fees as Damages.**

Where, in a suit to remove a cloud from the title of plaintiff, he also asks for damages against the defendant for wrongfully and maliciously putting an affidavit of record for the purpose of clouding plaintiff's title, and the court finds for the plaintiff and that said affidavit was wrongfully and willfully placed of record for the purpose of clouding plaintiff's title, the plaintiff is entitled to recover all damages and expenses that he was put to in getting the cloud removed from his title.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; C. C. Smith, Assigned Judge.

Action by C. F. Wasson against G. W. Wilkerson and H. H. Darks. Judgment for plaintiff, and defendants bring error. Affirmed.

This is an appeal from the district court of Creek county, state of Oklahoma, in an action brought by C. F. Wasson against G. W. Wilkerson and H. H. Darks. The first cause of action alleges that on the 22nd day of October, 1917, Wasson entered into a contract in writing when and whereby the said defendants, Wilkerson and Darks, agreed to sell to the said plaintiff the following described real estate situated in Creek county, Okla., to wit: The southwest quarter of section 20, township 15 north, range 8 E., containing 160 acres, for the agreed consideration of $4,400; that said defendants agreed to furnish an abstract of title and agreed to convey said property to the plaintiff by good and sufficient warranty deed free and clear from all incumbrances, except a mortgage in favor of W. H. Oliver for the sum of $1,600; that said plaintiff agreed to pay for said land the sum of $4,400 in the following manner, $100 cash in hand, and by conveying the said defendants the following described real estate situated in the town of Wetumka,

Okla., to wit: The north 15 feet of lot 8 and all of lots 9, 10, 11 and 12, block 30, at an agreed consideration of $1,600, and by giving the said defendants notes aggregating the sum of $1,100 secured by a mortgage upon the land first above described for the sum of $1,100; that the said defendants agreed to execute the warranty deed to the first above described lands and place the same in a bank in escrow to be held until each of said parties had examined the other's abstract; that thereafter, on the 13th day of November, 1917, pursuant to said contract, the said defendants delivered to the plaintiff their certain warranty deed where each defendant, joined by his wife, granted, bargained, and sold the lands first above described to the plaintiff free from all encumbrances, except a mortgage in favor of W. H. Oliver for the sum of $1,600, which the plaintiff assumed and agreed to pay as part of the purchase price of said land; that pursuant to said agreement, the plaintiff executed to the defendants his certain real estate mortgage for the sum of $1,100 as part of the purchase price of said land and executed his certain promissory notes aggregating the said sum of $1,100 payable as follows: $500 on the first day of January, 1918, $300 on the first day of November, 1918, and $300 on the first day of November, 1919; that plaintiff has fully paid and discharged said notes and mortgage, and that the defendants on the 4th day of April, 1919, released said mortgage and lien thereof and acknowledged full payment and satisfaction. Plaintiff further states that he is now the owner of the absolute fee simple title in and to said lands, and that he has fully paid the consideration agreed to be paid the said defendants for said lands; that thereafter the defendants caused an instrument executed by the de- defendants on the 24th day of June, 1920, to be filed in the office of the county clerk of Creek county on the 28th day of June, 1920, and duly recorded in book 205, page 88, wherein the said defendants Wilkerson and Darks claimed and alleged that Wasson, as a part of the consideration for said land, agreed to execute a mineral deed to the said defendants covering an undivided one-third interest in all the oil and gas and other minerals under said premises and the defendants were, in said instrument so placed on record, claiming a one-third interest in and to the oil and gas lying under the above described premises. Plaintiff denied that said defendants had an interest in said premises or any part thereof, and alleged that said instrument so executed by the said defendants and filed of record as

aforesaid constitutes a cloud upon the title of said plaintiff's land, and that said plaintiff is entitled to have the same canceled as a cloud upon his title. Plaintiff prayed judgment against the defendants for the cancellation of said notice, so filed and put of record, and asked that it be set aside and held for naught, and that the defendants and all persons claiming through and under them be forever barred and restrained from having or claiming any right, title, interest, lien, estate, or demand in said premises, or any part thereof, or any of the oil and gas or mineral under same.

As a second cause of action, the plaintiff set up that he was the owner of the premises, first above described, and that on the 24th day of June, 1920, the defendants, with the willful and malicious intent to cheat, wrong, and defraud the plaintiff, falsely and maliciously, and with intent to cheat and defraud the plaintiff, made a certain affidavit it writing whereby the said defendants fraudulently and maliciously alleged and charged that plaintiff agreed to make and execute the said defendants a mineral deed covering an undivided one-third interest in and to the oil, gas, and other minerals situated under the said lands as a part of the consideration for the deed executed by the defendants to the plaintiff for said land on October 22, 1917; that said statement, so made by said defendants, in said affidavit, was false and malicious and made by the defendants for the false and malicious and fraudulent purpose of cheating, wronging, and defrauding plaintiff out of the above described land, or a part thereof, and the oil and gas lying thereunder or a part thereof. Plaintiff further states that defendants in said affidavit made false, fraudulent, and malicious statements and circulated and published the same, with the malicious and willful and fraudulent purpose to cheat, wrong, and defraud the plaintiff out of his property or a part thereof; that the plaintiff has been put to great cost and expense in employing attorneys to remove said affidavit as a cloud upon the plaintiff's title, and that said claims of said defendants have prevented and will prevent the plaintiff from selling said lands, and have greatly reduced the market value thereof to the damage of the plaintiff in the sum of $2 000. Defendants demurred to the petition of the plaintiff, which demurrer was overruled by the court, and defendants thereafter filed their amended answer wherein they denied all the material allegations of said petition, except those admitted. They admit that they did, at the time alleged, bargain and sell to the

plaintiff the southwest quarter of section 20, township 15 north, range 8 E., containing 160 acres; that said sale was made on the 22nd day of October, 1917, and alleged that the consideration for said sale was $4,800, but after much discussion it was agreed that $4,400 should be paid in cash and by mortgage, and that $400 should be paid in the oil and gas right in said land, and that an agreeement to that effect was drawn up, but plaintiff had to leave before same was completed and never executed the same. Nothing further seems to have been done about this oil and gas reservation until a short time before this suit was brought, when defendant asked the plaintiff to execute said oil and gas lease, but he refused to do so, and that they then placed the affidavit mentioned in plaintiff's petition of record, and they pray that plaintiff be required to execute said oil and gas lease cenveying to the defendants one-third interest in the oil and gas right in said land, and the title to same be quieted in the defendants. The case was afterwards tried before the court, a jury having been waived, and after hearing the testimony and argument of counsel, the court made the following observations:

"The Court: On the preponderance of the evidence I will have to find for the plaintiff, on the question of the reservation of the oil and gas. Now as to the maliciousness of it, I doubt whether there is any maliciousness. I think they had no right to put such notice as that on record, Now, he has proven some damages on the second cause of action with regard to his loss of time on the farm, and his hotel expenses, and auto hire, etc. I think that every man is entitled to have a loss of time once in awhile, and I am going to eliminate that and let him pay $250 counsel fee. Then the judgment will be that the title be quieted."

The motion for a new trial was made and overruled, and the case in due time appealed to this court.

Crump & Hall, for plaintiffs in error.

Hughes & Foster, for defendant in error.

Opinion by MAXEY, C. It is practically conceded by counsel for plaintiff in error, that the judgment of the trial court on the first cause of action, to remove cloud from title should be sustained under the decisions of this court, but counsel for plaintiff in error contends that the judgment for $250 attorney's fees on the second cause of action is erroneous, and that at least that part of the judgment of the trial court should be reversed. We think counsel for plaintiff in error is wrong in contending that the $250 damages allowed by the court was for attorney's fees. There is nothing in the judgment of the court that justifies this contention. The judgment as contained in the journal entry is for $250 damages. It does not attempt to detail for what the damages are allowed. We think that counsel for plaintiff in error is misled by some desultory remarks made by the court at the close of the testimony, and the arguments of counsel which are set out in the statement of the case above. These remarks made by the court are not properly a part of the record in the case, and are certainly not part of the judgment. They do not even assume the dignity of findings of facts and conclusions of law, but upon examination of the record they seem to be more in the nature of a conversation between the court and counsel. This court in the case of Rogers v. Harris, 76 Okla. 215, 184 Pac. 459, had before it a question very similar to the facts presented by this record, wherein the judge made the following observations:

"In announcing judgment the trial court delivered an oral opinion, which was transcribed by the reporter and without objection incorporated in the case-made, from which it appears the court concluded from the evidence that Chapman acted in good faith in purchasing Harris' interest for the McMan Oil Company, and that this sale was a bona fide transaction without notice. He also concluded that Rogers wanted to sell his interest, but was persuaded by Chapman not to do so, and subsequently purchased the Harris interest. The evidence supports these conclusions.

"The opinion of the trial court does not constitute findings of fact, as contemplated under section 5017 Rev. Laws 1910, and may not be considered as such, or to vary the judgment of the court as contained in the journal entry (James v. Coleman, 64 Okla. 99, 166 Pac. 210), but may be considered in determining the correctness of the conclusions on which the judgment was based. Expressions of the trial court in rendering judgment have been considered repeatedly for that purpose. C., R. I. & P. R. Co. v. Warren, 63 Okla. 190, 163 Pac. 705; Hennessey Oil & Gas Co. v. Neely, 62 Okla. 101, 162 Pac. 214; Rison v. Harris, 50 Okla. 764, 151 Pac. 584. In the case of James v. Williams, 31 Cal. 213, it was said:

" 'The opinion of the judge who tried the cause, stating the evidence or his analysis of it or some portion of either, coupled with the reasons for his rulings, is always valuable.' "

These remarks made by the trial judge and copied in the case-made by the stenographer are clearly no part of the judgment of the court. The court said that the plaintiff had

proven some damages without attempting to enumerate what they were further than that he claimed $250 for attorney fees, and that he thought he would just allow them that and eliminate the other. As before stated, these remarks made by the court did not even reach the dignity of findings of facts by the court, but are merely desultory remarks made to counsel at the close of the case. They cannot in any way affect the judgment of the court, which is for $250 damages. Counsel contends that no actionable damages were shown. We cannot agree to this assertion because the evidence of the plaintiff was that he had paid out certain items of expenses. hotel bills, and several days from his work at the farm and it appears to us from what the court said, that he was trying to figure up what damages it would allow and finally seized upon this $250 claimed as attorney's fees as a fair estimate of the amount of the damages the plaintiff had sustained without any regard to the items that were to make it up, and in recording the judgment of the court, it simply gave judgment for $250 damages without any reference as to what the items were that made up the amount. Counsel contends that there was no malice proved. We cannot agree with this proposition. The defendant does not even deny placing the affidavit of record, and it is a rule of law well settled that where anything is done wrongfully, malice will be presumed. Here again counsel resorts to the remarks made by the court at the close of the trial where the court said: "I doubt whether there is any maliciousness, I think they had no right to put such notice as that on record." When plaintiff proved that defendants placed that notice on record, and the court found for the plaintiff, it was bound to have found that there was malice in putting it there. The answer of the defendant shows malice. He admits that they put it there and that was a part of the contract, but wholly failed to prove any such thing. It is clear from the whole case that it was their purpose to extort from the plaintiff a one-third interest in the oil and gas or its value in money. In the case of Hopkins v. Drowne, 41 Atl. 567, the Supreme Court of Rhode Island held in an action for slander, express malice need not be proven, and in the body of the opinion. the court said that where malice must be proven, as a substantive fact, it was not necessary to prove it as an independent fact; that malice is the purpose existing only in the mind, and is not ordinarily susceptible of proof as a matter of fact. So that when it is shown that the placing of the instrument in this case was wrongful and injurious to plaintiff's title, the presumption is that it was placed there maliciously, and we think the court was too narrow in its construction of the word malice in this case. The case of Collins v. Whitehead, 34 Fed. 121, is a case very similar to the one under consideration, and the court in passing on the motion for new trial used the following language:

"The injury to plaintiff was real, however difficult the proof of it may be. He was compelled to bring suit to remove the cloud from his title, and for the time, his property was useless to him. It would be a reproach to the law to give only nominal damages in such a case, and if anything substantial is to be allowed, it cannot be claimed that the verdict is excessive."

In this case Judge Brewer sat with Judge Hallett on the hearing of motion for new trial and made the following notation, to the opinion of Judge Hallett:

"Brewer, J. I did not sit in the trial of this case, but I heard with my brother, Hallett. the argument on the motion for new trial. And while the question is a doubtful one, yet, I think substantial justice has been done, and the verdict ought to stand."

The case of Chesebro v. Powers et al., 44 N. W. 290 is a case from the Supreme Court of Michigan. The second paragraph of the syllabus of this case reads as follows:

"The fact that the plaintiff recovered taxable costs against defendants in an action to quiet title to the land is not a bar to the action for defamation. If defendants acted maliciously, and under a claim which they knew to be false, plaintiff may recover for any reasonable outlay by him in removing the cloud from his title."

See, also, Mangum Electric Company v. Border et al., 101 Okla. 64, 222 Pac. 1002, the fifth paragraph of the syllabus of which is as follows:

"'Malice,' in the law, is the intentional doing of a wrongful act without justification or excuse."

It is contended that the plaintiff cannot complain of irregularities of the trial judge unless he saved his exceptions and files a cross-appeal. This question was passed on by this court in the case of Muskogee Refining Company v. Waters-Pierce Oil Co. et al., 89 Okla. 279, 215 Pac. 766. The first paragraph of the syllabus of the case is as follows:

"The defendant in error on appeal may attack erroneous findings of the trial court made in an equity case. if exceptions were saved to said findings. in order to sustain his judgment, without filing a cross-petition in error."

We think substantial justice was done by the trial court, and that there is no reversible error in the record, and the judgment should be, in all things, affirmed.

By the Court: It is so ordered.