STELLA B. SILVA, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, and HONORABLE THOMAS F. MORAN, Judge of Department One Thereof, Respondents.

No. 3181

April 5, 1937.                66 P. (2d) 422.

*Price & Merrill,* for Petitioner:

*William M. Kearney,* for Respondents:

**OPINION**

By the Court, DUCKER, J.:

This is an original proceeding in mandamus.

On August 18, 1931, in the respondent court the respondent judge, presiding, petitioner was granted a decree of divorce from Manuel B. Silva, which decree disposed of the custody of the minor children of the parties. The petition also shows that in its pronouncement from the bench the court reserved jurisdiction to modify its decree with respect to the custody of the minor children, and amounts to be paid for their support; that in the written document subsequently signed by the court entitled, a "Decree of Divorce" and filed with the clerk of the court, no such reservation of jurisdiction was made; that in July 1935, the omission was

called to the attention of the respondent court and judge, but no correction was made; that in November 1936, petitioner specifically requested of said court and judge, in chambers, an order for correction of said document in order that it should correctly set forth the decree as rendered, which request was refused; and, that on November 25, 1936, a motion duly made by petitioner to said court for such correction was heard, taken under advisement and denied.

A demurrer was interposed to the petition for insufficiency of facts to constitute a cause of action or to justify the issuance of a writ of mandamus. The questions raised by the demurrer will be incidentally determined by our conclusion on the merits.

The return denies that the court in rendering the decree reserved jurisdiction to modify it in respect to the custody or support of the minor children. It avers, inter alia, that the parties by agreement on the 13th day of August 1931, made a complete and amicable settlement as to all matters with reference to the future maintenance, support, and education of the minor children, which agreement is now in full force and effect; that the complaint so alleged; that the court so found and in its decree ratified and confirmed said agreement. The return admits that no reservation of jurisdiction as to the children was made in the decree as entered.

On the hearing in this court a copy of the minutes of the trial court signed by the respondent judge, certified by the clerk, was introduced in evidence by petitioner. The following appears therein: "The court being fully advised in the premises ordered that the decree of divorce be granted to the plaintiff. It appears to the satisfaction of the court that the parties have entered into an agreement as to the custody and maintenance of the minor children and the court deeming it to the best interests of the parties, adopts the same, retaining jurisdiction over the amount of support and custody of the children."

The proceedings of the trial taken down by the court

reporter, transcribed and filed in the case, are also in evidence here, and reveal the following:

"The Court: Who should have the children?

"Mr. Rosenthal: (Attorney for plaintiff, petitioner here.) The mother is given the custody of the younger child, and the father is to retain custody of the two older children.

"The Court: I will approve it, but I will retain jurisdiction. Judgment for plaintiff and against the defendant, granting to the plaintiff a decree of divorce dissolving the bonds of matrimony now and heretofore existing between Stella B. Silva, plaintiff, and Manuel B. Silva, defendant, and restoring said parties to the status of unmarried persons. The parties have entered into an agreement concerning the property and minor children. The court reserves the right to make whatever orders may be deemed necessary concerning the custody of the minor children hereafter."

In fact the reservation of jurisdiction in the rendition of the decree as to the minor children, was conceded by the trial court in a written opinion denying the motion made on November 25, 1936; and, also, in another written opinion in which a motion by petitioner was denied on August 24, 1935. In the latter the court said: "We are inclined to believe that the court, by its judgment or pronouncement from the bench in the original case, indicates what it adjudicated; in doing so it expressly retained jurisdiction of the minor children owing to the fact that the parties did not indicate what the agreement was concerning the custody of the children."

In the same opinion the court also said: "The record in the case at bar clearly shows that the minute order was not fully produced in the written judgment, and there is not anything in the judgment authorizing its omission. Therefore, we are compelled to concede that the omission was due solely to oversight on the part of the attorney who prepared the judgment and possibly due to the hasty manner in which the court reads

judgments of the nature now in question. We feel that the court retained jurisdiction."

It thus clearly appears that the decree rendered included a reservation of jurisdiction as to the custody and support of the minor children and that it was omitted from the decree which was entered. Petitioner contends that this omission is a clerical error, and as it appears from the record, the trial court may at any time, and it is its duty to, amend the decree accordingly. We are of this opinion. It was held by this court at an early period, Sparrow & French v. Strong, 2 Nev. 362, that the court will at all times correct a mere clerical error, which can be corrected from the record itself.

In Ex Parte Breckenridge, 34 Nev. 275, 118 P. 687, 688, Ann. Cas. 1914B, 871, it was held that the insertion of the word "days" after the word "thirty" in the entry of the judgment by a justice of the peace, to make it conform to the judgment rendered, was not improper. The court said: "The fixing of the punishment and the announcement of the judgment were within the judicial powers of the court; the entry of the judgment was a mere ministerial act, and the omission of the word 'days' was merely a clerical mistake, which could be corrected to conform to the sentence rendered." The court said further: "A mere clerical error or mistake arising from inadvertence may be corrected by the court on its own motion, so as to make the judgment speak the truth, even after the term." Citing 23 Cyc. 864; Humboldt M. & M. Co. v. Terry, 11 Nev. 237.

The general rule is that the power of a court to correct mere clerical errors in its judgment or decree may be rightly exercised at any time. Lindsay v. Lindsay, 52 Nev. 26, 280 P. 95, 67 A. L. R. 824. See list of cases supporting this rule on pages 838, 839, 840, of latter volume; 34 C. J. sec. 453, p. 235; 15 R. C. L. secs. 131, 132. 1 Freeman on Judgments (4th ed.), sec. 73, p. 103.

As stated in Packard et al. v. Kinzie Avenue Heights Co., 105 Wis. 323, 81 N. W. 488, 489: "That such mistakes [omission of judgment actually pronounced by

the court from the written decree signed by the judge] can be corrected by the court in which they occurred, regardless of the time limit upon the power of the court to correct judicial errors, is too well settled to require any extended argument or citation of authorities."

There can be no question as to the omission of the reservation in this case being clerical and not the result of judicial error. Ex Parte Breckenridge, supra. Nor can there be any question that the pronouncement from the bench is the final decree, California State Tel. Co. v. Patterson, 1 Nev. 150; First National Bank in Reno v. Fallon, 55 Nev. 102, 26 P. (2d) 232, with which the decree signed by the judge and entered should correspond.

■ The fact that the record discloses that the parties by agreement had effected a settlement as to the custody and support of the minor children, which was approved and confirmed by the court, will not relieve it from the performance of such a duty. Atkins v. Atkins, 50 Nev. 333, 259 P. 288, 289. As quoted in the case, supra: "The good of the child is paramount to all other considerations, and the court may ignore the greater affection of one party, the common-law right of the father, the agreements of the parties. * * * The agreement of the parties is not binding upon the court, for it is not the rights of the parents which are to be determined." Nelson on Divorce and Separation, vol. 11, p. 934.

■ It is alleged in the return and urged, that the defendant, relying on the decree, has mortgaged his property to third persons, who loaned money to him on his property relying upon the finality of said decree, thereby creating substantial property rights that would be affected by the modification of the judgment, which should estop the court from making the correction. We fail to see how any such right would be affected by the proposed correction. No modification is sought. It will be soon enough to consider this question when it is

sought to charge such mortgage security with any sums for the support of the children.

In re Morgan, 114 U. S. 174, 5 S. Ct. 825, 29 L. Ed. 135, stressed by respondent, is not in point. In that case error in the judgment rendered was claimed, and the lower court, on motion to amend, being of the opinion that the judgment had been correctly recorded, denied the motion. It was held that the lower court acted judicially. But in the instant case the reverse appears. The decree entered does not correspond with the decree rendered. Likewise the case of O'Brien v. O'Brien, 124 Cal. 422, 57 P. 225, 226, pressed upon us by respondents, does not serve them. The appellate court in that case was of the opinion that the lower court did not regard its "memorandum of decision," in which a divorce was ordered, and the question of alimony was reserved for further consideration, or a minute order to the same affect made on the same day as the final decree, or a finding sufficient to support such a decree; but intended the subsequent findings and conclusions of law in which no reservation as to alimony was made, to be the final adjudication. The complaint having asked for alimony, the court held that its omission from the findings was a judicial error, which could not be corrected by a motion to amend. In the course of its opinion the court quoted approvingly from Egan v. Egan, 90 Cal. 15, 21, 27 P. 22, as follows: "Clerical misprisions can be corrected at any time by an order of the court, but judicial errors can be remedied only through a motion for a new trial or an appeal."

The rulings in State ex rel. Jensen v. Bell, 34 Wash. 185, 75 P. 641, and McFadden v. McFadden, 22 Ariz. 246, 196 P. 452, relied on by respondents, are distinguishable from the question presented here. In each of those instances the court held that the formal judgment signed by the judge should be accorded greater weight than the minute entry of the clerk, and the former was deemed conclusive of what was actually

adjudicated. But the case before us is not one of conflicting evidence in which every intendment should be drawn in favor of a formal decree. The minute entry in this case is corroborated by the court reporter's transcription of the proceedings, and confirmed by the recollection of the trial judge.

It is contended that the order of the trial court denying petitioner's motion for a correction is a special order made after final judgment from which an appeal could have been taken, and which furnished a plain, speedy, and adequate remedy in the ordinary course of law; that on this account the writ of mandamus will not issue. We are satisfied that the order is not an appealable order. It is not within the meaning of the order designated in section 10 of paragraph 2 of the 1935 act (Stats. 1935, c. 90) relating to new trials and appeals as "any special order made after final judgment." This designation means only judicial orders and not orders made by the judge in a ministerial capacity after final judgment. The order made on the motion falls within the latter class.

No issue of a judicial nature was involved in it. The motion was not addressed to the discretion of the court, but was merely a request for corrective action to the end that the written decree be made to speak the truth as a memorial of judicial action.

The lower court, in denying the motion, had merely a mistaken notion of its power and duty to act ministerially. Mandamus is the appropriate remedy to enforce the correction. No discretion is involved either as to the doing of the act or the manner of its performance. Petitioner has a clear legal right to the relief asked.

It is therefore ordered that the peremptory writ of mandamus issue, commanding the respondent judge to correct the entry of decree of divorce in said court entitled, "Stella B. Silva, vs. Manuel B. Silva, action number 36,602," by including in said entry the reservation to make such orders concerning the custody and

support of the minor children of the parties therein as may be needful for their welfare.

On Petition for Rehearing

June 23, 1937.

*Per Curiam:*

Rehearing denied.