## ALLEN v. ALLEN.

No. 32902.   Sept. 21, 1948.

Rehearing Denied Dec. 9, 1948.

*209 P. 2d 172.*

See 336 U. S. 956, 69 S. Ct. 891.

See, also, 201 Okla. 1, 201 P. 2d 786.

Robert E. Shelton, of Oklahoma City, for plaintiff in error.

Tom W. Garrett, of Oklahoma City, for defendant in error.

LUTTRELL, J.   M. Lucille Allen, plaintiff below, brought this action to collect unpaid installments of alimony, or separate property payments, due under a contract between herself and her husband. She recovered judgment, and defendant, Walter E. Allen, appeals.

This is the second time this court has considered the question of plaintiff's right to collect delinquent installments or payments under this contract. In Allen v. Allen, 196 Okla. 36, 162 P. 2d 193, we held that the contract for the settlement of property rights, which provided for the payment of $140 per

month, was not merged in and extinguished by the judgment of the district court of the State of Nevada in which the judgment of divorce was rendered, but that it was still a binding and enforceable contract between the parties, and reversed the judgment of the trial court and remanded the cause. After remand the trial court rendered judgment against defendant for the amount of the delinquent installments involved in that action, and thereafter he made payments up to January 1, 1946. When he failed and refused to pay any further installments, plaintiff brought this action on April 12, 1946.

After the decision of this court in Allen v. Allen, supra, and on April 6, 1946, defendant applied to the Nevada court for a nunc pro tunc order to correct the judgment entered in the divorce proceeding. In the first decree of divorce, dated August 4, 1939, the trial court ordered that the agreement between the parties be adopted, approved, and confirmed by the court, and the parties were directed to comply therewith and to execute the terms thereof. Pursuant to the application for the order nunc pro tunc, the Nevada court corrected the decree as prayed for by incorporating the contract in its decree as a part thereof, and providing as follows:

"And said contract is legally extinguished and merged into this decree and the parties are hereby directed to comply with the terms of this decree in lieu of said contract."

This order nunc pro tunc was entered April 29, 1946.

In his answer to plaintiff's petition in the instant case defendant pleaded the order nunc pro tunc, alleging that the same legally extinguished plaintiff's contract and barred any action by the plaintiff on the contract.

Plaintiff, in her reply, alleged among other things that the amendment to the judgment in the Nevada court, relied upon by the defendant, was made without notice to plaintiff and was void and of no effect and not binding on plaintiff.

At the trial of the case it was stipulated by the parties that the Nevada court entered the nunc pro tunc order on April 29, 1946, upon the application of defendant, and that said order was entered in an ex parte proceeding without notice to plaintiff. It was further stipulated that the laws of Nevada were the same as the laws of Oklahoma "as to the authority of the trial court to approve or disapprove contracts entered into between the parties offered in a divorce proceeding".

Defendant, on appeal, contends that the judgment as amended by the order nunc pro tunc is a Nevada judgment, the validity of which is controlled by Nevada law, and that the Oklahoma courts are constitutionally bound to give full faith and credit to such judgment unless the same is void upon its face. He asserts that the validity of that judgment must be judged by the laws of the State of Nevada, where the judgment was rendered, and not by the laws of the forum, citing Freeman on Judgments (5th Ed.) §1387; 31 Am. Jur., Judgments, §534; Williams v. North Carolina, 317 U.S. 287, and other similar authorities.

Plaintiff, on the other hand, contends that since the Nevada laws were not proven they are presumed to be the same as those of this state, and that under the laws of this state the judgment is void for the reason that no notice of the hearing on the application for the order nunc pro tunc was given to plaintiff.

It is the general rule that where the validity of a judgment rendered in one state is called in question in another state, a want of jurisdiction over either the person or subject matter is open to inquiry. Milliken v. Meyer, 311 U.S. 457, 85 L. Ed. 278, 61 S. Ct. 339.

In 34 C.J. p. 1128, §1603, it is said:

"The judgment of a court of one state, when sued on, pleaded, or intro-

444

duced in evidence in another state, is entitled to receive the same faith, credit, and respect that is accorded to it in the state where rendered so that if valid and conclusive there, it is so in all other states. But a judgment from another state is entitled to no greater effect or finality than would be accorded to it in the state where rendered; and hence if it would there be inconclusive, impeachable, or re-examinable, it will receive no greater consideration or measure of finality in other states. The validity and effect of a judgment must therefore be determined by reference to the laws of the state where it was rendered."

And in 50 C.J.S. p. 501, section 893b, it is said:

"Where a judgment recovered in a court of general jurisdiction in another state is relied on, and the record thereof is duly authenticated or certified, and produced in evidence, it will be presumed that the court had jurisdiction of the subject matter and the parties, in the absence of proof to the contrary or of a showing to the contrary by the record itself; and it will be presumed, although not conclusively, that the necessary jurisdiction was acquired properly."

In Freeman on Judgments (5th Ed.) vol. 3, §1389, the author says:

"In the absence of circumstances justifying a presumption of validity a judgment of another state, when offered in evidence, ought to be shown to be valid. If it would not be valid if rendered in the state where it is offered in evidence, the party who relies upon it must show that it is valid according to the laws of the state within whose jurisdiction it was pronounced."

This rule is supported by Harn v. Cole, 20 Okla. 553, 95 P. 415; McNair v. Underwood, 55 Okla. 585, 155 P. 553; 34 C.J. 1115, 1129, §§1585, 1603, and 50 C.J.S. 475, §889.

Under the rule announced by the above authorities, which is unquestionably the general rule, it was incumbent upon defendant, in order to sustain his judgment after he admitted that no notice of the application for the order nunc pro tunc was given plaintiff, to make proof that under the law of Nevada such notice was not required, and that the amendment of the judgment without notice was valid under the laws of the State of Nevada. This he wholly failed to do.

Under section 484, Title 12, O.S.A., the laws of other states are facts to be established by competent evidence, and the courts of this state cannot take judicial notice thereof. Atchison, T. & S. F. Ry. Co. v. Lambert, 32 Okla. 665, 123 P. 428.

We have many times held that in the absence of pleading and proof as to the laws of a sister state, including its general statutes, they are presumed to be the same as the laws of this state. Hinds v. Atlas Acceptance Corp., 178 Okla. 474, 63 P. 2d 29; Sivils v. Taylor, 12 Okla. 47, 69 P. 867; Hoshaw v. Lines, 30 Okla. 67, 118 P. 583; Kennedy v. Chadwell, 193 Okla. 304, 142 P. 2d 979.

In Jones v. Gallagher, 64 Okla. 41, 166 P. 204, we held that the power to correct mistakes in the entries of judgments or orders was expressly granted by subdivision 3 of 12 O.S. 1941 §1031, and that the statutory proceeding to correct mistakes or omissions of the clerk was, by 12 O.S. 1941 §1032, required to be upon motion upon reasonable notice given to the adverse party or his attorney in the action. To the same effect is Co-Wok-Ochee v. Chapman, 76 Okla. 1, 183 P. 610.

In Lewis v. Ward, 101 Okla. 146, 223 P. 839, we held that a nunc pro tunc order entered without such notice to the adverse party was void.

Defendant argues that Oklahoma has recognized the inherent right of a court to correct its judgments by nunc pro tunc orders and that such power exists independent of such statutory provision, citing Hawks v. McCormack, 180 Okla. 569, 71 P. 2d 724. He further argues that notice is not necessary and is not required to be given to one whose

interest will not be adversely affected by the amending of the judgment, citing Franklin v. Hunt Dry Goods Co., 190 Okla. 296, 123 P. 2d 258.

In Hawks v. McCormack, supra, evidently notice was given, since the opposing party moved in the trial court to strike the application for order nunc pro tunc on the ground that the plaintiff had failed to comply with the statutory provision applicable in such cases, and that the journal entry showed that it reflected the true judgment of the court.

In Franklin v. Hunt Dry Goods Co., supra, the plaintiff, who had obtained a default judgment, orally moved the court to set aside the default at the same term at which it was rendered, and the court set the default judgment aside. In that case we held that the defendant in such proceeding was not an adverse party, for the reason that the vacating of a judgment against him could not, under any circumstances, be considered prejudicial to his rights or to affect him adversely. Obviously, in such case no good reason existed why the defendant should be given notice and an opportunity to resist the application to vacate a judgment theretofore taken against him. The purpose of the notice, in all cases where it appears that the other party to the action may be prejudiced, or his rights affected, by the correction of the judgment, is to give such party an opportunity to be present and urge any objections he may have to a change in the judgment.

We have many times held that after the term at which a judgment was rendered the trial court loses control over the judgment, and is without jurisdiction to vacate, change, or modify it unless there is a substantial compliance with the terms of the statute (12 O.S. 1941 §§1032, 1033). First National Bank v. Commissioners of Land Office, 127 Okla. 190, 260 P. 69; Hawkins v. Hawkins, 52 Okla. 786, 153 P. 844; Consolidated School Dist. No. 15 v. Green, 180 Okla. 567, 71 P. 2d 712. We hold

that in all cases where a party to an action seeks to correct, modify or vacate the judgment rendered therein after the term at which such judgment was rendered, whether his application invokes the inherent or statutory authority of the court, notice to the opposite or adverse party is essential in order to give the trial court jurisdiction to act. This holding, as applied to the instant case, is based upon our assumption, due to the failure to plead and prove the laws of Nevada applicable thereto, that such laws are the same as the laws of this state, and that the term of court in which judgment was rendered had expired prior to the entry of the nunc pro tunc order.

In the instant case it is not only conceded but urged by the defendant that the judgment as corrected did change the rights of plaintiff under the judgment as originally entered, in that under the amended journal entry the amount payable to plaintiff might be changed on account of the financial condition of defendant, which it could not be under the contract, and that under the contract payments imposed upon defendant might be impressed upon his estate, whereas, if the contract was merged in the decree, the payments would end upon the death of either husband or wife.

Our conclusion is that under the law of this state, as announced in our decisions above set forth, the order nunc pro tunc was void, and that the trial court was not required to give full faith and credit to the amended judgment as a valid judgment of a sister state, in the absence of proof adduced at the trial that the judgment was valid under the law of the State of Nevada. Upon the record as presented to this court, the judgment was correct.

It is not necessary, in view of our determination, to pass upon the further question urged by plaintiff, that our first decision in Allen v. Allen, supra, is the law of the case, under the rule announced in Pinkerton v. Carter, 197

Okla. 95, 169 P. 2d 192, and Empire Oil & Refining Co. v. Fields, 188 Okla. 666, 112 P. 2d 395. We therefore do not pass upon that question.

Affirmed.

Justice BAYLESS having certified his disqualification, Honorable Jack L. RORSCHACH, of Vinita, was appointed in his stead.

HURST, C.J., and RILEY and CORN, JJ., and RORSCHACH, S.J., concur. DAVISON, V.C.J., and WELCH, GIBSON, and ARNOLD, JJ., dissent.

---

ARNOLD, V. C. J. (dissenting). In my judgment the trial court of Oklahoma should have recognized and accorded full faith and credit to the judgment of the Nevada court, said judgment not being on its face or shown to be void. Its refusal to so recognize said foreign judgment constituted violation of the full faith and credit provision of the Constitution of the United States (article 4, sec. 1).

The majority fails to recognize the inherent power of all courts, including Oklahoma and Nevada, without notice and irrespective of statute, upon motion of either party or upon its own motion, to make their judgment reflect the true judgment of the court at the time the original judgment was entered, where, as here, the court had jurisdiction of the parties and the subject matter when the original judgment was entered, and the subject matter of the nunc pro tunc order was all of record when the original judgment was entered, and such order merely confirms the rights of the parties as they were established by the original judgment pronounced by the court, and as all parties knew them to be so established. Freeman on Judgments (5th Ed.) §§ 121, 126; Lindsay v. Lindsay, 52 Nev. 26, 280 P. 95; Silva v. Second Judicial Dist. Court, 57 Nev. 468, 66 P. 2d 422; Martin v. Ray, 74 Cal. A. 2d 922, 170 P. 2d 75; Hughes v. Hughes, 74 Cal. A. 2d 327, 168 P. 2d 429; Morse v. Morse, 116 Mont. 504, 154 P. 2d 982; Bush v. Bush, 158 Kan. 760, 150 P. 2d 168; Bastajean v. Brown, 19 Cal. 2d 209, 120 P. 2d 9; Hobson v. Dempsey Const. Co., 232 Iowa, 1226, 7 N. W. 2d 86; Benway v. Benway, 60 Cal. A. 2d 574, 159 P. 2d 682; Gottwals v. Rencher, 60 Nev. 35, 98 P. 2d 481; Annotation 67 A. L. R. 828, and as supplemented in 126 A. L. R. 956. See, also, Finley v. Finley (Nev.) 189 P. 2d 334. This court has recognized this inherent right of the court in Mayer v. Keener et al., 195 Okla. 658, 163 P. 2d 991, Hawks v. McCormack, 180 Okla. 569, 71 P. 2d 724, and in Franklin v. Hunt Dry Goods Co., 190 Okla. 296, 123 P. 2d 258, wherein we held that the notice required under 12 O. S. A. § 1032 is not necessary, if it would be a useless thing, and stated that the only purpose of the statute is to protect one's adverse interest and is not required to be given to one whose interest cannot possibly be adverse to the result to be accomplished.

In this case both parties were before the Nevada court in the divorce proceedings. The agreement between the parties with regard to their property settlement specifically provided that it was to be incorporated into the divorce decree; the agreement was introduced and the court was asked to carry out the wishes of the parties in this regard. This the Nevada court did, by stating from the bench that the property settlement "shall be approved, ratified and adopted" and "made a part of the decree". The rights of the parties were fixed by that judgment and at that time. The nunc pro tunc order does not change that judgment, nor the rights of the parties—it merely confirms them. The Nevada court, in entering the nunc pro tunc order, was exercising the power, inherent in all courts, to make the record speak the truth by recording judicial action previously taken by it. This the Nevada court, and the Oklahoma courts, could do upon motion of either party, or upon its own motion, and notice was not necessary. See Griffin v. Griffin, 327

U. S. 220, 233, 234, 66 S. Ct. 556, 90 L. Ed. 635.

I respectfully dissent.

DAVISON, C.J., and GIBSON and WELCH, JJ., concur in my views.