ALLEN v. ALLEN.

No. 34449. Feb. 10, 1953.

Rehearing Denied April 28, 1953.

*256 P. 2d 449.*

Tom W. Garrett, Oklahoma City (Tom W. Garrett, Jr., and Garrett & Garrett, Oklahoma City, of counsel), for plaintiff in error.

Robert E. Shelton, Oklahoma City, for defendant in error.

O'NEAL, J. The present action is based upon a written contract dated August 4, 1939, executed during coverture of M. Lucille Allen and Walter E. Allen and which was entered into in contemplation of the severance of their marital relationship. On the 10th day of August, 1939, a decree of divorce was granted to Walter E. Allen against M. Lucille Allen in the district court of the Second Judicial District of the State of Nevada. The contract provides that Mr. Allen will pay Mrs. Allen the sum of $1,680 each year at the rate of $140 monthly, commencing on August 1, 1939, for the remainder of Mrs. Allen's life, or until she remarries. Payments were made by Mr. Allen, either voluntarily or in compliance with former judgments, up to and including the month of August, 1946. The present suit is based on delinquent payments as of September 1, 1946, to date of trial and for certain expenses incurred in the litigation and attorney fees, as provided for in the contract.

The trial court, on the 8th day of September, 1949, denied Mrs. Allen the relief prayed for, assigning grounds for the decision that the decree of the Nevada court of August 10, 1939, as modified by an order of nunc pro tunc under date of April 29, 1946, merged the contract of August 4, 1939, into the decree and that Mrs. Allen could not recover under the contract. Parties stand in the same relative position as in the trial court, and will be generally referred to as plaintiff and defendant.

Succinctly stated, the defendant's answer admits the execution of the contract referred to by plaintiff and admits that on April 29, 1946, on defendant's application, and without notice to plaintiff, the district court of Nevada entered its order nunc pro tunc incorporating the contract of August 4, 1939, by copying it verbatim into the divorce decree. Defendant pleads certain decisions of the Nevada Supreme Court sustaining the validity of the order nunc pro tunc and pleads that the contract referred to was thereby extinguished. Moreover, that the contract is unfair, unconscionable, void and unenforceable in Oklahoma, as being contrary to the public policy of the state.

Plaintiff's reply and defendant's answer thereto plead certain decisions of this court in the case of Allen v. Allen, 196 Okla. 36, 162 P. 2d 193, and Allen v. Allen, 201 Okla. 442, 209 P. 2d 172, and certain decisions of the Nevada Supreme Court as to the authority and power to enter the nunc pro tunc order of April 29, 1946. No issues of fact are raised by the pleadings, and only questions of law are presented upon the appeal.

A stipulation of the parties was filed in the trial court; certain material provisions thereof will be noted:

(a) That on July 12, 1949, the defendant's second application for an order nunc pro tunc to incorporate the contract in the decree was denied by the

Nevada court, and that the time of appeal has not elapsed.

(b) That plaintiff's attorney in the Nevada court did not make an application for the allowance of attorney fees in the nunc pro tunc proceedings, but that plaintiff at all times objected to the jurisdiction of the court on the matter presented.

(c) A stipulation that certain enumerated cases of the Nevada court support plaintiff's or defendant's respective contentions as to the validity or invalidity of the order nunc pro tunc.

(d) That, in the event this Court should determine that plaintiff is entitled to recover, she would be entitled to recover the sum of $5,180.00 for installments accruing under the contract from September 1, 1946 to and including September 1, 1949.

(e) In the event the issues are determined in favor of the plaintiff, she should receive an additional allowance as attorney fees and expenses incurred in the litigation, as provided for in the stipulation.

The decree of divorce was entered on August 10, 1939, and it was not challenged by the defendant prior to April 29, 1946. On the latter date he applied for an order nunc pro tunc to incorporate the contract in the decree. The order was obtained on an ex parte application without notice or knowledge of the defendant. The decree of divorce provides:

"It is further ordered that the agreement between the parties hereto, dated August 4, 1939, be, and it is hereby approved, adopted and confirmed by this Court, and the parties hereto directed to comply therewith and to execute the terms thereof".

The Nevada court had the power to do either one of the following acts:

(a) The Nevada court had the authority and power to disapprove the contract of the parties and by its decree make such property disposition or alimony allowance as it deemed proper. This the Nevada court did not do.

(b) The court could have approved the contract and incorporated its terms in its decree. This the Nevada court did not do.

(c) It could have approved the contract, but not set forth the terms thereof in its decree. This the Nevada court did by stating that the contract is approved, adopted and confirmed and the parties hereto directed to comply therewith and execute the terms thereof. One of the terms of the contract provided for the payment of the sum of $140 monthly to plaintiff. Another provision thereof provided that Mr. Allen carry a policy of insurance on the life of Mr. Allen, in which Mrs. Allen was to be named as the first sole beneficiary. See Allen v. Allen, 201 Okla. 1, 201 P. 2d 786.

That plaintiff may maintain the present action on the contract and that the contract was not merged in the divorce decree is sustained by our decision in Allen v. Allen, 196 Okla. 36, 162 P. 2d 193, wherein this court said:

"Where a husband and wife, residents of another state, enter into a contract in that state to settle their property rights in contemplation of divorce, and thereafter the husband sues for a divorce in another state and in his petition for relief alleges the existence of the contract, without setting out its terms, and asks the court to ratify, approve, and adopt said contract, and where the wife answers and admits generally the husband's allegations in this respect, and the court grants the husband a divorce and in the decree provides ' * * * that the agreement entered into between the parties hereto, dated August 4, 1939, should be approved, adopted and confirmed by this court, and the parties should be directed to comply therewith and to execute the terms thereof,' and orders ' * * * that the agreement between the parties hereto, dated August 4, 1939, be, and it is hereby approved, adopted and confirmed by this court, and the parties hereto directed to comply therewith and to execute the terms thereof,'

held, when an action is brought in Oklahoma to recover for breaches of the contract, the contract was not merged in the judgment so as to put an end to it and require suit on the judgment."

The plaintiff here contends that the Nevada court had the authority and the power to approve the contract of the parties as for an alimony allowance without merging the contract in the decree, so that the plaintiff might sue on the contract and cites in support thereof the case of Doig v. Palmer (1939) 97 Utah 150, 91 P. 2d 443, where the court stated:

"Where wife was granted divorce in California, and a property settlement was entered into by parties and approved by court, but its terms were not set forth in decree, rights of parties thereunder under California law, rested upon contract and not decree."

In the case of Price v. Price (1948) 85 Cal. App. 2d 732, 194 P. 2d 101, the court stated:

"Where property settlement is copied into and made a part of divorce decree, it is merged therein and no action on the agreement as such may be maintained, but where the agreement is merely referred to with approval, an action thereon may be maintained."

In Coxe v. Coxe (1935) 20 Del. Ch. 384, 178 A. 104, the court held:

"Separation agreement between husband and wife held specifically enforceable notwithstanding divorce decree, subsequently secured by wife from court of another state confirmed, adopted, and directed parties to comply with agreement, since agreement was not merged in divorce decree so as to make suit one for specific enforcement of a foreign court decree."

The Supreme Court of Nevada in Finley v. Finley, 65 Nev. 113, 189 P. 2d 334, held:

"Where court entered divorce decree approving a property settlement theretofore made by the parties which had been admitted in evidence, but did not adopt provisions of the agreement as part of the decree, court had no power

subsequently to enter a nunc pro tunc decree adopting as part of the decree the provisions of the agreement, though parties consented, since amended decree, by adopting the provisions of the agreement, gave wife, in addition to her contractual rights then existing, right to invoke contempt proceedings and rights of a judgment creditor."

In Fuller v. Helvering, Commissioner of Internal Revenue, (1939) 105 F. 2d 903, that court stated:

"Under Nevada law, a settlement agreement made in contemplation of divorce does not conclude the divorce court as respects the wife's allowance, but the allowance once made is final, unless the decree reserves power to the court to modify it."

Citing in support thereof Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638.

After the first decision of this court in Allen v. Allen, supra (1945), in which we held that the contract was not merged in the decree of divorce, the defendant, on April 29, 1946, applied to the Nevada court for an order nunc pro tunc to correct the judgment entered in the divorce proceedings. The decree, as has been indicated, simply approved the agreement and directed the parties to comply therewith and execute the terms thereof. The terms of the agreement were not incorporated into the decree. The application for the order was presented to the Nevada court without notice to the defendant. The Nevada court purported to correct, or change, the decree by incorporating therein the contract verbatim and further decreed that "and said contract is legally extinguished and merged in this decree in lieu of said contract".

In April, 1946, Mrs. Allen filed her second action to recover unpaid installments under the contract of August 4, 1939. Mr. Allen defended, claiming the order nunc pro tunc of April 29, 1946, merged the contract into the decree and that she could not base a cause of action upon the contract. The parties in this second action, Allen v. Allen, stipulated that the order nunc pro tunc was

obtained without notice to defendant and that the laws of Nevada were the same as the laws of Oklahoma "as to the authority of the trial court to approve or disapprove contracts entered into between the parties offered in a divorce proceeding". Mr. Allen claimed that the judgment, as amended by the order nunc pro tunc, is a Nevada judgment and that the Oklahoma courts must give it full faith and credit unless the judgment is void on its face. Upon appeal this court held that, as the laws of Nevada were not pleaded or proven, that by stipulation it was agreed they were the same, that under Oklahoma law the order nunc pro tunc without notice to defendant was invalid and unenforceable. We therefore held:

"Where husband procured amendment of Nevada divorce judgment by order nunc pro tunc on ex parte hearing without notice to wife, husband when relying upon amended judgment in Oklahoma courts was required to prove that under law of Nevada such notice was not required and that amendment of judgment without notice was valid under laws of Nevada."

We further held in that case that where the parties, having stipulated that the laws of Nevada and Oklahoma are not different on the necessity of giving notice of an application to amend the decree, after the time provided for under the respective laws, that the attempt to merge the contract into the decree was ineffective and that the attempted merger did not extinguish the contract.

The present case is the third one involving the decree of the Nevada trial court lodged in this court, and which is referred to in counsel's brief as Allen v. Allen #3, was filed on the 6th day of October, 1948. By previous reference, we have outlined the issues as disclosed in the pleadings. After the filing of this action, Mr. Allen filed a second application with the Nevada court for an order nunc pro tunc, based on the identical grounds in his previous application. In this proceeding he served notice on Mrs. Allen, and there-

after, on July 12, 1949, a hearing was had in the Nevada court on this second application. The Nevada court refused to grant the order nunc pro tunc.

The journal entry of judgment of the trial court in the instant case entered on September 12, 1949, after reciting the execution of the contract of the 4th of August, 1939, and the rendition of the divorce decree on August 10, 1939, states that Mr. Allen filed in the Nevada court, on April 29, 1946, an application for an order nunc pro tunc to incorporate the contract in the divorce decree, and finds that the Nevada court had jurisdiction to enter the nunc pro tunc order without notice under Nevada law, and that after said order was entered the contract was merged in the decree and was thereby extinguished and is not enforceable in Oklahoma. The decree of lower court is in conformity with findings.

As we view the present case, the lower court's judgment denies the validity of our former adjudication in Allen v. Allen (1948) 201 Okla. 442, 209 P. 2d 172, writ of certiorari denied, 336 U. S. 956, 69 S. Ct. 891, and, furthermore, the decision is in direct conflict with the well-settled law of Nevada.

Sec. 1 of art. 4, of the Federal Constitution requires that we give full faith and credit to the public acts, records and judicial proceedings of every other state.

But we are only required so to do if the foreign court had jurisdiction both of the subject matter and the parties to the litigation. As was said in Williams v. State of North Carolina, 325 U.S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577:

"The full faith and credit clause operates only with respect to judgments rendered by a court whose jurisdiction, either as to the subject matter or person, is not impeached."

"The full faith and credit clause does not make a sister-state judgment a judgment in another state, but to give it that effect, it must be made a judgment there, which can be done only of the court purporting to render the

original judgment had power to pass on the merits."

Defendant here asserts that our former decisions in Allen v. Allen, 196 Okla. 36, 162 P. 2d 193, and Allen v. Allen, 201 Okla. 442, 209 P. 2d 172, are not controlling because (a) the validity of the Nevada judgment under Nevada law, and (b) whether a valid judgment of the State of Nevada is entitled to full faith and credit in the courts of Oklahoma, were questions not drawn in issue in either of said cases.

It is obvious this court of necessity had to construe the legal effect of the divorce decree. The trial court had held that the contract of August 4, 1939, was incorporated into the decree and was thereby legally extinguished. We reversed, holding the decree did not extinguish plaintiff's right under the contract.

Defendant does not contend, as indeed he may not, that the second Allen v. Allen case, 201 Okla. 442, 209 P. 2d 172, did not involve the validity of the Nevada decree, as amended by the Nevada court's order nunc pro tunc of April 29, 1946, for he prayed in that case as a defense that the nunc pro tunc order legally extinguished plaintiff's contract; and in that case it was stipulated that the laws of Nevada were the same as the laws of Oklahoma as to the authority of the trial court to approve or disapprove contracts entered into between the parties offered in a divorce proceeding.

Defendant also prayed that the decree, as amended, is a Nevada judgment which must be given full faith and credit by the Oklahoma court. Plaintiff in response contended that, in the absence of proof to the contrary, the Nevada law is presumed to be the same as Oklahoma law and that, in the absence of notice to her, the order nunc pro tunc was void. In that case, we again held that the contract was not merged in the decree.

The defendant argues that the nunc pro tunc order of April 29, 1946, does not modify or change the decree of August 10, 1939, but rather, that it records the actual judgment entered by the court in the divorce proceedings. The defendant did not so contend on his former appeal in the second Allen v. Allen case, for by reference to the court's opinion in that case it is stated:

"In the instant case it is not only conceded but urged by the defendant that the judgment as corrected did change the rights of plaintiff under the judgment as originally entered, in that under the amended journal entry the amount payable to plaintiff might be changed on account of the financial condition of defendant. which it could not be under the contract, and that under the contract payments imposed upon defendant might be impressed upon his estate, whereas, if the contract was merged in the decree, the payments would end upon the death of either husband or wife."

It is our opinion that the modification of the judgment undoubtedly would affect a very substantial right of the plaintiff.

We held in McRoberts v. McRoberts, 177 Okla. 156, 57 P. 2d 1175, Finley v. Finley, 174 Okla. 457, 50 P. 2d 643, and Murphy v. McElroy, 185 Okla. 388, 92 P. 2d 369, that a judgment for alimony for an indefinite sum is void. Furthermore, a change in the husband's circumstances creating hardship or inability to perform is not a valid defense to wife's suit for installments due under a contract which was entered into by the parties in contemplation of an immediate separation and divorce, Stark v. Stark, 185 Okla. 348, 91 P. 2d 1064.

As we have noted in the second Allen v. Allen case, the defendant asserted that the validity of the judgment must be judged by the laws of the State of Nevada, where the judgment was rendered, and not by the laws of the forum. The parties in that case assumed that the laws of the two states were the same on the pivotal question as to whether the order nunc pro tunc without notice to defendant was valid. On appeal, this court held that the order

388

could not be sustained for the reason that under Oklahoma law notice to the opposite party was necessary to give the court jurisdiction.

Upon a fuller examination of the Nevada authorities, we are led to the inevitable conclusion that the laws of the two states on the question of the necessity of giving notice on the application of the order nunc pro tunc run parallel.

Rule 45 of the Second Judicial District of Nevada becomes important in the consideration of this case. It is as follows:

"No judgment, order, or other judicial act or proceeding, shall be vacated, amended, modified or corrected by the court or judge rendering, making, or ordering the same unless the party desiring such vacation, amendment, modification or correction shall give notice to the adverse party of a motion therefor, within six months after such judgment was rendered, ordered, or action or proceedings taken. As amended, October 25, 1911."

The Supreme Court of Nevada has frequently construed the application of court Rule 45. In the case of Finley v. Finley (1948) 189 P. 2d 334, the Nevada court held:

"The power to order entry of judgment nunc pro tunc cannot be used to correct judicial errors or omissions, nor to change judgment actually rendered to one which the court neither rendered nor intended to render."

"A court may amend its order to correct mere clerical errors or omissions at any time and has inherent power to do so by a nunc pro tunc order, but such order cannot be used to enlarge the judgment as originally rendered."

"A judgment varying the rights of the parties as fixed by original decision is void, though the court has informed counsel of his decision to do so, and no objection is made. ***

"Where court entered divorce decree approving a property settlement theretofore made by the parties which had been admitted in evidence, but did not adopt provisions of the agreement as part of the decree, court had no power subsequently to enter a nunc pro tunc decree adopting as part of the decree the provisions of the agreement, though parties consented, since amended decree, by adopting the provisions of the agreement, gave wife, in addition to her contractual rights then existing, right to invoke contempt proceedings and rights of a judgment creditor."

In Lindsay v. Lindsay (1929) 52 Nev. 26, 280 P. 95, the Nevada court held:

"Where order of court altered decree for divorce in substantial way by reducing amount which defendant husband was required to pay wife for support and maintenance of minor children, changes were unauthorized under Rule 45 of District Court, requiring notice to adverse party within six months, where motion for construction of decree and order were not made within six months after judgment was rendered."

In Lauer v. Eighth Judicial District Court (1943) 62 Nev. 78, 140 P. 2d 953, that court in its syllabus stated:

"The district court rule fixing a period of six months within which a judgment, order, or other judicial act might be modified or vacated was adopted to take place of former rule requiring motions to vacate judgments to be noticed during terms at which they were rendered. District Court Rules, rule 45."

"By virtue of district court rule, judgments, which formerly could not be set aside by a district court after expiration of terms at which they were rendered, cannot now be set aside by motion noticed more than six months after they are rendered. District Court Rules, rule 45. * * *

"An application cannot be made in district court to vacate a judgment upon ground that it was procured by extrinsic fraud by motion in the original cause noticed more than six months from rendition of the decree. District Court Rules, rule 45."

The cases pressed upon us by the defendant do not serve him.

In Silva v. Second Judicial District Court (1937) 57 Nev. 468, 66 P. 2d 422,

the record discloses that the parties, husband and wife, entered into a contract with reference to the custody of their minor children. A decree of divorce was thereafter granted the wife. As shown by the court reporter's transcript of the trial, the court stated (referring to their agreement): "I will approve it, but I will retain jurisdiction. * * * The court reserves the right to make whatever orders may be deemed necessary concerning the custody of the minor children hereafter." On appeal, the Supreme Court of that state held:

"It thus clearly appears that the decree rendered included a reservation of jurisdiction as to the custody and support of the minor children and that it was omitted from the decree which was entered. Petitioner contends that this omission is a clerical error, and as it appears from the record, the trial court may at any time, and it is its duty to amend the decree accordingly. We are of this opinion. It was held by this court at an early period, Sparrow & French v. Strong, 2 Nev. 362, that the court will at all times correct a mere clerical error, which can be corrected from the record itself."

And the court stated: "There can be no question as to the omission of the reservation in this case being clerical and not the result of judicial error." It is important in reading the Silva case to keep in mind that the custody of minor children was a paramount issue involved, for the court stated: "The fact that the record discloses that the parties by agreement had effected a settlement as to the custody and support of the minor children, which was approved and confirmed by the court, will not relieve it from the performance of such a duty". And the opinion affirmatively discloses, "No modification is sought".

In Gottwals v. Rencher, 60 Nev. 35, 98 P. 2d 481, the Supreme Court of Nevada construed Rule 45, supra. In that case the court stated:

"It is contended that the court altered its decision in a substantial way.

We think, however, that the court merely corrected the record so as to make it speak the truth as to what was actually decided. The court had the inherent power to do this and it was its duty to do it. * * * (citing cases)"

That case discloses that no formal decree had been entered, and no question of notice was involved in that proceeding, as all parties were present by counsel. In that case the court stated:

"Action of trial court in amending minute entry of oral decision of trial court, to show what court actually decided, was proper as a correction of record so as to make it speak the truth, as against contention that the court altered its decision in a substantial way."

In Smart v. Valencia (1926) 49 Nev. 411, 248 P. 46, the sole question before the Nevada court was whether the plaintiff's complaint could be amended after judgment and pending appeal. The court, answering that question, stated:

"Trial court can order amendment of complaint to correct clerical misprision after judgment so as to make judgment speak truth, in view of Rev. Laws, § 5484."

"Trial court can correct clerical mistakes appearing on face of record after appeal, since it has not lost jurisdiction of its records."

"In action to recover overpayment on certain sheep, error in complaint in calculating amount paid held clerical rather than judicial, and therefore amendable."

In Schneider v. Second Judicial District Court (1947) 64 Nev. 26, 176 P. 2d 797, that court held:

"The statute giving district court continuing jurisdiction to modify or change a divorce decree with reference to custody of minor children does not authorize the modification of decree with respect to support of minor children or alimony for wife. Comp Laws, §9462."

In the argument at the bar it was suggested that the court's minutes conclusively show the character of the judgment that was actually rendered.

In other words, that the oral pronouncement of the trial judge as indicated by the clerk's minutes is of controlling force in determining the true judgment rendered.

We held in Wilkerson et al. v. Wasson, 110 Okla. 66, 235 P. 206, that remarks made by the court are not properly a part of the record in the case and are certainly no part of the judgment.

The same rule is answered by the Utah court in Frost et al. v. District Court of First Judicial District (1938) 96 Utah 106, 83 P. 2d 737, wherein the court said:

"The judgment and findings signed by the judge of the court constitute the only findings and judgment that may be considered. What a judge says in orally indicating what his decision will be, may be of aid to counsel in preparation of the findings and judgment; but the findings and judgment actually signed may not be disturbed by a showing as to what may have been in the judge's mind before. The signed findings and judgment in so far as disclosed by the record indicate what was in the judge's mind when he signed them. Between the time of making an oral statement as to matters pertaining to the cause, the findings, or judgment, the court may have changed its mind. * * *"

And as was aptly said by the Supreme Court of Washington in Gould v. Austin (1909) 52 Wash. 457, 100 P. 1029:

" ' * * * We think it a safe rule to hold that, when the court signs a written order, it shall be considered the evidence of its real and final act touching the subject immediately under consideration' ".

In the present case we hold that the law of Nevada as construed by its Supreme Court holds that the Nevada District Court did not have the authority and power to merge and incorporate the contract in the divorce decree and thereby extinguish the same.

The judgment of the trial court is, therefore, vacated and set aside, with directions to enter judgment in favor of plaintiff for the unpaid monthly sums, as covered by the stipulation referred to herein, and that the trial court upon remand determine and render judgment for plaintiff for expenses and attorney fees, as provided for in the stipulation.

Judgment reversed.

CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur HALLEY, C.J., JOHNSON, V.C.J., and WELCH and ARNOLD, JJ., dissent.