WALTER E. ALLEN, Appellant, v. M. LUCILLE
ALLEN, Respondent.

No. 3599

May 24, 1954. 270 P.2d 671.

*Pike and McLaughlin,* of Reno, and *Robert E. Shelton,*
of Oklahoma City, Oklahoma, for Appellant.

*Frank R. Peterson* and *William J. Cashill,* of Reno,
and *Tom W. Garrett,* of Oklahoma City, Oklahoma, for
Respondent.

## OPINION

By the Court, TABER, District Judge:

Appellant sought a nunc pro tunc order in July, 1949, correcting a 1939 divorce decree to conform to what appellant claims the trial court intended to decide. Appellant desired by his motion to incorporate an agreement verbatim within the four corners of the decree. The agreement provided monthly support payments for respondent and was entered into prior to the divorce in 1939.

The formal judgment, the clerk's minutes and the oral decision all show that the trial court in granting the divorce had the agreement in mind.

The formal judgment signed by the trial court "ordered that the agreement between the parties hereto, dated August 4, 1939, be, and it is hereby approved, adopted and confirmed by this Court, and the parties hereto directed to comply therewith and execute the terms thereof." The clerk's minutes approved by the court read as follows: "It is further ordered that the agreement entered into between the parties on the 4th day of August, 1939, admitted in evidence as plaintiff's exhibit A, be and the said agreement is approved, ratified and adopted by the court, and made a part of the

decree." The oral decision as alleged in appellant's moving papers reads as follows: "Let a decree be entered dissolving the bonds of matrimony heretofore and now existing between Walter E. Allen, plaintiff, and M. Lucille Allen, defendant, and restoring the parties to the status of unmarried persons; and that the agreement heretofore entered into between the parties, dated August 4, 1939, admitted here in evidence as plaintiff's Exhibit 'A' be approved, ratified and adopted by this Court and made a part of this Decree."

The motion was heard on July 12, 1949, and denied by the court without opinion on that date. This is an appeal from that ruling.

The case was briefed and argued to this court on the question of merger. Appellant contends that the action of the trial court, as recited, merged the agreement in the decree. Respondent contends that the agreement survives the decree.

The briefs point out that during the ten-year period following the divorce in 1939 the litigious Allens have been to the Oklahoma Supreme Court on four appeals and one application for certiorari to the United States Supreme Court.

The object of appellant's motion is to accomplish a merger of the agreement into the decree according to the standard laid down by the Oklahoma Supreme Court in an action between the parties upon the contract, Allen v. Allen, 256 P.2d 449, thus defeating his former wife's right to collect support payments by an action on the contract in the State of Oklahoma and leaving her to remedies under the Nevada decree which are manifestly different. We are in effect asked to adopt Oklahoma's conception of merger—correct the 1939 divorce decree by a nunc pro tunc order accordingly—and unsettle the rights of the parties which have at long last been established in that state.

Under these circumstances we decline to decide the

question of merger. Instead we regard the question before us as one that was entirely within the discretion of the trial court and which will not be reversed unless there was an abuse of that discretion.

We quote with approval the language of the California Supreme Court in Carter v. J. W. Silver Trucking Company, 4 Cal.2d 198, 47 P.2d, 733, 737: ' "Whether a nunc pro tunc order should be made depends on the circumstances of the particular case and it is to be granted or refused as *justice may require.*" ' (Emphasis supplied.) In so doing we recognize the rule that a court has inherent power to correct its records and that clerical errors may be corrected by the court on its own initiative or on motion. In cases where the error is clearly apparent such relief is a matter of right. Silva v. District Court, 57 Nev. 468, 68 P.2d 422. But appellant is not entitled in this matter to a nunc pro tunc order as a matter of right. In the Silva case relied on by appellant the relief granted was the correction of a clerical error in the record so that it would conform to what the trial court actually decided. In the instant case appellant asks us (1) to determine that what the trial court *intended* to accomplish by its decree was a merger; (2) to "correct" the decree by making it speak that intent and accomplish that result in the form prescribed by the law of Oklahoma. This goes far beyond the holding in the Silva case.

We regard appellant's application as one that was addressed to the discretion of the trial court and we cannot say after the lapse of ten years and the circumstances of this particular case that the denial of the motion was an abuse of that discretion.

Affirmed with costs.

MERRILL and BADT, JJ., concur.

EATHER, C. J., being disqualified, the Governor designated HONORABLE HAROLD O. TABER, Judge of the Second Judicial District, to sit in his place.

ON PETITION FOR REHEARING

July 15, 1954.

*Per Curiam:*

Rehearing denied.