## AMERADA PETROLEUM CORPORATION v. ELLIFF et al.

No. 24057.   Oct. 17, 1933.

Pierce, Follens & Rucker and Fred M. Mock, for petitioner.

C. W. Clift and Ralph H. Schaller, for respondents.

McNEILL, J. This is an original proceeding brought to review an order and award of the State Industrial Commission. The record shows that the respondent, W. H. Elliff, was employed by the Amerada Petroleum Corporation, petitioner herein, prior to and including the month of May, 1929. While driving a truck he received an injury to his left hip and side.

It appears that the cushion on the truck was broken down, and respondent sat with his left hip on the gasoline tank. The side of the cab, which was metal, and said tank came in contact with his left hip and side. As a result of working under these conditions, respondent contends that he sustained a compensable injury. He was treated by the doctor for petitioner for approximately a week and then returned to his work, performing the duties of a roustabout. He continued in this work for about a month, and subsequently worked for about a month each for two different oil companies.

Petitioner filed, on May 23, 1929, with the State Industrial Commission employer's first notice of injury. This notice of injury recites that respondent was engaged as driving a lease truck in the production department; that he received an accident on May 1, 1929, at 10 a. m., and quit the work as a result of the injury on May 11, 1929. It also recites that the occupation of respondent was a truck driver and the employee was injured in the course of his employment; that the accident occurred as a result of driving truck over rough roads; nature and extent of injury was bruised left hip; that medical attention was provided soon after the accident; that respondent had not fully recovered, which report was dated May 14, 1929. On May 23, 1929, the attending physician's report was filed, dated May 11, 1929, giving the date of the accident as May 1, 1929, and the nature and extent of his injury as being a bruised left hip. The report also filed by the attending physician recites that the symptoms from which the respondent was suffering were due entirely to this injury. On June 4, 1929, petitioner filed with the Commission, employer's supplemental report of injury dated May 27, 1929, showing

that respondent received an injury May 1, 1929, and that he had returned to work on May 27, 1929. On June 8, 1929, there was filed with the Commission on form 6, report of initial payment of compensation, reciting that the date of the injury was May 1, 1929, and that compensation was started on May 16, 1929, showing the amount of the first payment of $30 from May 16, 1929, to May 27, 1929. This report also recites that the nature of the injury was a bruised hip, and under "remarks" as follows: "This man did not quit work on account of injury until 5-11-29." On June 14, 1929, there was filed on form 7-10-M stipulation and receipt reciting that the injury occurred May 1, 1929, disability ended 5-27-29; nature of injury bruised left hip, extent of disability temporary, and receipt for $30 paid on account of disability resulting from injury sustained by respondent.

Thereafter, on July 22, 1932, respondent filed a motion to reopen on change of condition on account of the injury sustained May 1, 1929. After a hearing on respondent's motion, the Commission on August 18, 1932, awarded the respondent compensation for temporary partial disability.

Petitioner urges two propositions:

(1) That there is no evidence tending to prove that respondent sustained an accidental personal injury arising out of and in the course of his employment.

(2) That the evidence fails to establish that there has been a change of condition since the original award, and that the State Industrial Commission was without authority to allow respondent further compensation on the ground of change of condition.

We are of the opinion, in view of the record, that petitioner admits that respondent was engaged in a hazardous occupation and received an injury arising out of and in the course of his employment with petitioner, which in conjunction with the testimony revealed by the record is sufficient to establish that respondent received an accidental personal injury arising out of and in the course of his employment on May 1, 1929.

As to petitioner's proposition No. 2, supra, we have examined this record and conclude that there is no competent evidence sufficient to establish that the temporary partial disability which existed at the time of the rendition of the award on August 18, 1932, was due or attributable to the accidental personal injury received on May 1, 1929.

The award for temporary partial disability is vacated and set aside.

RILEY, C. J., CULLISON, V. C. J, and SWINDALL, OSBORN, BAYLESS, and WELCH, JJ., concur. ANDREWS and BUSBY, JJ., absent.