## AMERADA PETROLEUM CORPORATION v. ELLIFF et al.

No. 25520. March 5, 1935.

Pierce, Follens & Rucker and Fred M. Mock, for petitioner.

C. W. Clift and Ralph H. Schaller, for respondents.

PHELPS, J. This is an original action to review the award of the Industrial Commission, and the second time this case has reached this court. On October 17, 1933, the opinion was filed (Amerada Petroleum Corp. v. Elliff. 166 Okla. 37. 25 P. (2d) 1086), vacating and setting aside the award. After the mandate in that case was issued the Industrial Commission on November 6, 1933, entered its order setting aside the award theretofore made and ordering the case set for rehearing. At the rehearing but two witnesses testified, to wit, the claimant, who was asked and gave answer to only a few unimportant questions reflecting no additional information whatever, and also a physician, Dr. E. R. Vahlberg, who testified that he had examined the claimant and found him suffering from chronic arthritis, but the testimony does not disclose that there is any connection between claimant's arthritic condition and the claimed injury. At the close of the hearing, however, the Commission made its finding and order that the claimant was permanently partially disabled and awarded him compensation in the sum of $2.344.42 on the basis of 254 weeks at $9.23 per week as accumulated compensation, and ordered that the payments continue at $9.23 per week for a period not to exceed 300 weeks.

A careful examination of this record discloses no new or additional facts since this court promulgated the former opinion, and it is the well-settled law of this state that where the facts, on a second appeal, are practically the same as on the first appeal the decision of the first appeal is the "law of case" in all its subsequent stages and will not be reviewed on the second appeal. Harp v. First Nat. Bank of Anadarko, 169 Okla. 548, 37 P. (2d) 930 (and cases therein cited).

Clearly, there is no evidence to sustain the finding and award of the Industrial Commission in the instant case, and since the record does not disclose any further or additional facts not disclosed in the former appeal, the law laid down in the former appeal must govern here. The award is, therefore, vacated and set aside.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.