CARTER, Adm'r, v. PINKERTON et al.

No. 31139. Feb. 1, 1944.

Rehearing Denied Feb. 29, 1944.

Application for Leave to File Second Petition for Rehearing Denied March 28, 1944.

146 P. 2d 842.

Ted R. Fisher, of Watonga, W. R. Herring, of Oklahoma City, and John L. Goode and Mark Goode, both of Shawnee, for plaintiff in error.

Cruce, Satterfield & Grigsby and Ben Franklin, all of Oklahoma City, for defendants in error.

PER CURIAM. This action was commenced by Tom E. Carter, administrator of the estate of John C. Porter, deceased, to recover damages for the wrongful death of John C. Porter. The action was against Carl Pinkerton and the Highway Insurance Underwriters. At the conclusion of all the testimony the defendants moved for directed verdict, and the court sustained the motion and entered judgment for the defendants.

Plaintiff has appealed and presents but one proposition for reversal, that the trial court erred in directing a verdict for the defendants.

We are of the opinion, and hold, that the cause must be reversed on this alleged error. The record reasonably discloses that the defendant was the owner of and operating a large truck and trailer for the purpose of hauling livestock. The trailer measured 36 feet and the cab 8 feet, making a total length of 44 feet. The driver of the truck, Theodore Gannon, had driven the truck and trailer approximately one-half mile west of Watonga, Okla., on Highway No. 270, and had parked the truck and trailer off the highway on the north side of the road in front of the dwelling house where his father-in-law lived. Theodore Gannon testified that he started to return to Watonga at approximately 7 o'clock in the evening; that it was nearly dusk and after sundown so that it was necessary to have the lights on any vehicle driving on the road. Gannon also testified that he looked both ways and ascertained that there was no one approaching from either direction on Highway No. 270; that he began to make a U-turn on said highway. The collision resulting in the deaths occurred while Gannon was in the process of turning the truck and trailer, the front end of the cab being on the south side of said pavement and the trailer extending across the entire pavement in a southeasterly direction, when the car driven by the deceased going east hit the trailer in about the middle causing the death of his wife and himself.

The rule is well established that where the evidence is such that reasonable men may fairly differ as to whether the facts constitute negligence the question is one for the jury to decide. Pure Oil Co. v. Gear, 183 Okla. 489, 83 P. 2d 389. In considering this question we are governed by the rule that a demurrer to the evidence admits every fact which the evidence, in the slightest degree, tends to prove, and all inferences and conclusions which can be reasonably and logically drawn therefrom; and if there is a conflict in the evidence, that which is unfavorable to the party against whom the demurrer is directed is to be considered withdrawn. Wallace v. First National Bank, 167 Okla. 563, 31 P. 2d 136; Brown v. Wrightsman, 175 Okla. 189, 51 P. 2d 761; Pure Oil Co. v. Gear, supra.

A demurrer should be overruled when the evidence reasonably tends to establish negligence. Caesar v. Phillips Pet. Co., 187 Okla. 559, 104 P. 2d 429. We are of the opinion, and hold, that when there is considered the time element which Gannon testified transpired during the turning of the truck, the condition of the highway, the probability that the time of day obscured the eyesight of the driver of the truck and all of the facts, conditions, and circumstances in connection with the accident, there is evidence warranting the submission of the question of negligence to the jury.

The cause is reversed and remanded, with directions to vacate the order sustaining the motion for directed verdict and to proceed in accordance with the views herein expressed.

CORN, C.J., and OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., and BAYLESS and WELCH, JJ., dissent. RILEY, J., absent.