PINKERTON et al. v. CARTER, Adm'r.

No. 32161.　May 7, 1946.

*169 P. 2d 192.*

Cruce, Satterfield & Grigsby and Ben Franklin, all of Oklahoma City, for plaintiffs in error.

Ted R. Fisher, of Watonga, and John L. Goode and Mark Goode, both of Shawnee, for defendant in error.

CORN, J.　This is an appeal from a judgment rendered upon a jury's verdict in the district court of Pottawatomie county, in an action brought by plaintiff, administrator of John C. Porter, deceased, to recover damages for the alleged wrongful death of plaintiff's decedent.

The matter has heretofore been presented to this court in Carter v. Pinkerton et al., 194 Okla. 34, 146 P. 2d 842, in which case the judgment of the district court sustaining defendant's motion for a directed verdict was reversed, with directions to vacate the order sustaining said motion, and for other proceedings.

Defendant, Pinkerton, owned and operated a large truck and trailer, the truck being 8 feet long and the trailer 36 feet long, or an over-all length of 44 feet.. Defendant's driver, Gannon, parked this vehicle on the north side of Highway 270, about one-half mile west of Watonga, Okla., in front of his father-in-law's house.

About 7 o'clock in the evening, after sundown but before complete dark, Gannon started to return to Watonga. To begin the return trip into the town it was necessary for him to make a U-turn across the highway. His evidence was that the time of day made it necessary to have lights; that his lights were on; that he looked in both directions before beginning the turn and ascertained no vehicles were approaching from either direction.

While completing the turn across the highway, and while the trailer was extending across the highway in a southeasterly direction, a collision occurred between an automobile driven by plaintiff's decedent and defendant's vehicle, resulting in the death of Mr. Porter (decedent) and his wife. Upon a trial of the issues under such evidence the jury returned a verdict for plaintiff for $4,000.

Two propositions are urged in seeking reversal of this judgment. First, the evidence was insufficient to create a jury question of negligence. Second, the trial court erred in allowing the introduction of incompetent evidence, over defendant's objections.

Other than the alleged incompetent testimony, there was no substantial difference between the testimony adduced at this trial and at the former trial. Defendants admit that the trial court had to submit the issues to the jury, by reason of our holding in Carter v. Pinkerton et al., supra. However, defendants urge that the evidence entirely failed to show facts from which any inference of negligence (i.e., the driver's failure to exercise the degree of care and caution commensurate with the circumstances) might be drawn.

In the former opinion we specifically held that the facts and circumstances surrounding the accident were sufficient to warrant submission of the question of negligence to the jury, and reversed the order of the trial court sustaining the defendants' motion for directed verdict.

Likewise, we have adhered to the rule that the decision of this court upon questions of law in a former appeal between the same parties and as to the same subject matter is the law of the case, controlling upon this court in a subsequent appeal. Amerada Pet. Corp. v. Elliff, 171 Okla. 38, 41 P. 2d 850; Empire Oil & Refg. Co. v. Fields, 188 Okla. 666, 112 P. 2d 395 (62 S.Ct. 79, 314 U.S. 572, 86 L.Ed. 463); Safeway Stores, Inc., v. Fuller, 193 Okla. 237, 142 P. 2d 849. In the latter case we held in the syllabus:

"The decision on first appeal is 'law of case' in all subsequent stages, and will not ordinarily be reviewed on second appeal, where facts are substantially the same."

The evidence in the matter before us is substantially the same as that presented by the former appeal. A large portion of the record evidence in the present appeal was given from the record in the first appeal. The issues made by the pleadings are substantially the same. The instant appeal presents substantially the same controversy. In such cases our decision in the first appeal controls as the law of the case. Safeway Stores, Inc., v. Fuller, supra.

Defendants' second contention is that the trial court erred in allowing certain incompetent evidence over defendants' objections. This is directed at the testimony by plaintiff that, subsequent to the date of the accident, defendants had made a road on the east of Gannon's house which was used as a turning place for the trucks. Defendants objected to such testimony, but the trial court overruled their objections, stating:

"The court will permit further pursuit of the examination with the view to determining whether it related to the condition at the time of the accident or some time later. The evidence does not disclose to the court at this time clearly whether the matter being testified about was as to its existence at the time of the wreck or at a later date, and the court will permit further examination along that line with the view of determining that fact."

Thereafter plaintiff testified there were no physical changes at the scene of the accident except the tracks showing where trucks had completed U-turns off the highway and on the premises where Gannon lived.

On cross-examination plaintiff gave the following testimony:

"Q. Under your testimony, you consider it safer to make a U-turn around there and cross over at an angle than to make a U-turn up here? A. Well, he did, because he changed the method of turning."

Defendants contend the admission of such testimony was erroneous because it tended to influence the jury, by leading them to believe that defendants knew the method of turning the truck around on the highway was unsafe, and for this reason had changed such operations to a more safe method by turning the truck around on the premises off the highway. To sustain this argument defendants cite numerous cases holding that evidence of repairs or changes in construction after an injury is incompetent to establish negligence. And that admission of such ev-

idence is prejudicial error. City of Wynnewood v. Cox, 31 Okla. 563, 122 P. 528; City of Cushing v. Bowdlear, 74 Okla. 138, 177 P. 561; Foreman v. C., R. I. & P. Ry. Co. et al., 181 Okla. 259, 74 P. 2d 350.

However, Gannon (the driver) testified that the ground where the tracks were had not been used for anything, and that it was used for a drive-in, to get the truck out of the borrow ditch on the north side of the highway. Further, this witness positively testified that in order to make a U-turn and proceed back toward Watonga it would still be necessary to cross over and block the highway at some point.

In view of the fact that it was impossible to make a U-turn from a position on the north side of the highway in order to proceed in an easterly direction without blocking the highway, this being established by the physical conditions and the positive testimony, we are of the opinion, and hold, that the admission of the testimony complained of was not prejudicial. The fact that, subsequent to the time of the accident, defendants' driver might or might not have used a different method of turning his vehicle can scarcely be said to have influenced the jury when it was apparent that to make a turn across the highway at that point would, of necessity, cause the highway to be blocked for some period of time, without regard to the method used or the place of turning.

Any error occurring by reason of the introduction of this testimony was harmless, when considered with the other evidence concerning turning upon the highway at this particular point. It does not affirmatively appear wherein the alleged incompetent testimony resulted in prejudice to defendants. Such prejudice must affirmatively appear to warrant a reversal. Gilliland v. Snedden, 195 Okla. 601, 159 P. 2d 734.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.