## SHAMBLIN v. SHAMBLIN et al.

No. 34117.    March 4, 1952.

*241 P. 2d 941.*

Roy Frye, Sallisaw, for plaintiff in error.

Baker Wall and J. Fred Green, Sallisaw, for defendant in error and cross-appellant.

CORN, J.    Plaintiff sued several named defendants to recover damages allegedly sustained as the result of a conspiracy entered into between D. W. Shamblin, Benton Shamblin, plaintiff's son, Prudie Harper, plaintiff's daugher (and other defendants not herein considered), actuated by malice, fraud and oppression, whereby plaintiff was deprived of her property, endured physical pain and suffering from physical violence committed upon her by the conspirators, and suffered mental pain and anguish from an insanity charge made against her, as well as being prevented by defendants from being with and administering to her husband during his last illness.    Plaintiff also sought punitive damages from the alleged conspirators.

The cause was continued as to certain defendants.    Upon trial plaintiff admittedly failed ot connect Raymond Morgan with any of the transactions. Defendant William Henry Morgan's demurrer to plaintiff's evidence was sustained, and plaintiff has cross-appealed from this portion of the judgment.    Answer in the form of a general denial was filed in behalf of D. W. Shamblin, Benton Shamblin, plaintiff's son, and Prudie Harper, plaintiff's daughter.    The latter two defendants made no appearance, and do not appeal from the judgment ($6,000) entered upon the jury's verdict against them. The present appeal is confined to the judgment in plaintiff's favor for $750 upon the issues presented between plaintiff and D. W. Shamblin, who represented himself at the trial.

An unduly voluminous record containing severely conflicting testimony, replete with accusations, counter accusations, and personal aspersions, precludes a satisfactory narrative statement of the evidence, adduced in support of each litigant's theory. It is sufficient to state that there is disclosed a sordid story of the frailities of humanity motivated by avarice and greed, abetted by a complete lack of filial devotion, and coupled with irreparable antagonism between the plaintiff and the defendant D. W. Shamblin.

For some years prior to the dates hereinafter mentioned plaintiff and her husband, George Shamblin, lived on a

small farm in Sequoyah county. Over the years they had accumulated a small share of this world's goods, principally some thirty-nine head of cattle, on one hand said to be valuable dairy stock, and on the other only ordinary cattle in poor condition. The evidence was that the cattle were normal increase of cattle originally purchased by plaintiff. Some time prior to his death (April 26, 1947) George Shamblin became ill and from time to time was treated by this defendant, his brother, both at home and in defendant's hospital in the town of Sallisaw. In early April plaintiff's children returned to the family home and immediately there was commenced a continued course of family disputes, trouble, and physical strife among the parties above mentioned. Such course of events culminated in plaintiff being subjected to a sanity hearing at which defendants sought to establish her insanity; however, plaintiff was judicially determined to be of sound mind. Immediately upon her return home from such hearing plaintiff was set upon, the neighbors who had brought her home being driven off at gun point, and, in the presence of her husband on his sickbed, was accused by the defendant of general immorality. Such conduct continued and plaintiff was not permitted to wait upon her husband, and conditions generally were such that she was put in fear of her life. During her subsequent absence from the house, and about thirty hours prior to the death of her husband, a cattle buyer was called to plaintiff's home and a transaction completed whereby the cattle which plaintiff claimed to own were sold. The proceeds from this sale were put into Benton Shamblin's hands and were never paid to plaintiff, nor were they used to defray the funeral expenses of plaintiff's deceased husband.

By the verdict rendered it is clear that the jury, upon consideration of the conflicting testimony, rejected the defendant's testimony and accepted that adduced by plaintiff. Under the familiar rule this court is bound to accept the jury's findings. In appealing from the judgment rendered defendant relies upon the following proposition:

"That there is no competent evidence introduced on behalf of plaintiff in the court below to establish conspiracy or in any wise to connect the plaintiff in error, D. W. Shamblin, with the alleged conspiracy and that the plaintiff below failed to establish any overt act or any connection whatever with the damages which she alleged to have suffered by any act on the part of the plaintiff in error, D. W. Shamblin."

Defendant's entire argument is directed toward showing that under the rules announced in such cases as Hancock et ux. v. Myers, 198 Okla. 126, 176 P. 2d 820, the evidence failed to establish a conspiracy, or to connect defendant therewith. In view of the other matters disclosed by this record, it is unnecessary to consider the extensive argument offered relative to the lack of evidence to establish existence of such conspiracy.

Additionally to seeking damages claimed to have resulted from the alleged conspiracy, plaintiff sought damages for mental pain and anguish resulting from defendant's acts and conduct; and further sought punitive damages for malicious, oppressive and fraudulent conduct toward plaintiff. The record contains ample evidence which, if believed by the jury, was sufficient to support a verdict in plaintiff's favor upon either of these counts greatly in excess of the amount for which the jury found.

The general rule is stated in 53 Am. Jur., Trial, §1043, as follows:

"The verdict should be responsive to all material issues in the case, and where two or more causes of action are joined in one suit it should respond to the whole pleading. Ordinarily, it is the better practice in such a case for the jury to find a separate verdict as to each cause of action stated in the pleadings; yet if a general verdict for one party virtually answers and negatives all the issues, it is sufficient, and the fact that the issues were

not answered separately is not error. Hence, where there are several issues in the case, in the absence of an objection that the verdict has not passed on the issues separately a general verdict imports a finding in favor of the party for whom the verdict was rendered on all issues, not inconsistent with any special findings returned by the jury, and in no event is open to question when objection is not taken at the proper stage of the proceedings."

Here the jury returned a general verdict in plaintiff's favor. The evidence amply supports such verdict. No objection was made that, by the verdict rendered, there was a failure to pass upon the issues separately. In such instances the rule is that where the jury returns a general verdict upon several causes of action and the defendant fails to object thereto at the time same is returned and before the jury is discharged, the failure to object is a waiver of objections to the form of such verdict. See Bunch v. Perkins, 198 Okla. 517, 180 P. 2d 664, and cases therein cited.

As regards plaintiff's cross-appeal from the trial court's action in sustaining defendant Morgan's demurrer to plaintiff's evidence, it is her position that this defendant was one of the alleged conspirators and in no event could he have obtained title to the cattle in question, and that the trial court erred in failing to submit such matters to the jury.

The basis of such argument is that the evidence showed plaintiff to be the owner of the cattle; that the husband never sold cattle without discussing the transaction and then turning all proceeds over to plaintiff; the evidence established existence of general knowledge in the locality to the effect that the husband would not sell cattle without plaintiff's acquiescence; the fact the cattle were purchased only a short time prior to the husband's death and the money paid to him tended to establish this defendant's participation in a preconceived plan to deprive plaintiff of the proceeds of her cattle.

Opposed to this is competent evidence showing that plaintiff's husband sent for defendant to bring the cash and come buy the cattle; defendant, accompanied by a notary, called upon George Shamblin and completed the transaction, and a bill of sale was executed. The money at that time was paid to plaintiff's husband, without any question being raised, or mention made, whether the cattle belonged to plaintiff or the husband had the right to sell, and it was apparent to all present that George Shamblin understood the nature and extent of the transaction.

Under such circumstances, the applicable rule, as stated in Oklahoma Ry Co. v. Wilson, 204 Okla. 90, 227 P. 2d 392, is as follows:

"In determining whether or not a demurrer to the evidence or motion for a directed verdict should be sustained, the trial court should consider as true all evidence favorable to the party against whom demurrer or motion is directed, and all inferences that may be reasonably drawn from such evidence, and disregard all evidence favorable to demurrant or movant."

Measured by the foregoing rule it is apparent that taking as true all plaintiff's evidence, together with all inferences reasonably drawn therefrom, nothing more is disclosed than that these were plaintiff's cattle and defendant had been so advised; her husband never sold cattle without her consent, and always surrendered the proceeds of all sales to her; that defendant previously had sought to buy the cattle and her husband refused to sell; that plaintiff did not realize anything from the proceeds of this sale, which was consummated without her consent. Neither the foregoing, nor reasonable inferences to be drawn therefrom, can fairly be said to have been sufficient to require the trial court to submit this matter to the jury. It is reversible error to overrule a demurrer to the evidence where there is a failure of proof. Kansas City, M. & O.

Ry. Co. v. Bishop, 140 Okla. 277, 282 P. 1091.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, GIBSON, DAVISON, O'NEAL, and BINGAMAN, JJ., concur.