**COX et al.**

v.

**KEATING DRILLING CO.**

No. 35494.

Supreme Court of Oklahoma.

Oct. 27, 1953.

Rehearing Denied Dec. 22, 1953.

Homer H. Bishop, Seminole, and John L. Hill, Houston, Tex., for plaintiffs in error.

Pierce, Rucker, Mock, Tabor & Duncan, Joe Francis, Tulsa, for defendant in error.

WILLIAMS, Justice.

Parties are referred to as in the trial court.

This is an action for wrongful death brought by the plaintiffs as the named statutory beneficiaries of Homer Cox, deceased, under the "wrongful death" statute of Texas, Article 4675, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 4675.

Cox was a passenger in an automobile driven by R. C. Ford; he was killed when Ford's automobile was involved in an accident with a truck owned by defendant Keating Drilling Company and driven by its employee, Odell Peevy.

In the court below, defendant's demurrer to the evidence and motion for directed verdict at the conclusion of all the evidence were sustained; judgment was entered for defendant and plaintiffs have appealed.

■ Several propositions of error are presented, but they all go to the point that the court erred in sustaining the demurrer and motion for directed verdict. It is agreed that the rights of the parties in this case are controlled by the substantive law of Texas and the procedural law of Oklahoma. The sole question for our determination, then, is whether the evidence of

plaintiffs was sufficient to withstand defendant's demurrer and motion. In the consideration of a demurrer to the evidence or motion for directed verdict, the following rule is applicable:

"In determining whether or not a demurrer to the evidence or motion for a directed verdict should be sustained, the trial court should consider as true all evidence favorable to the party against whom demurrer or motion is directed, and all inferences that may be reasonably drawn from such evidence, and disregard all evidence favorable to demurrant or movant." Shamblin v. Shamblin, 206 Okl. 133, 241 P.2d 941, 942.

In the case at bar, Ford's automobile, going east, was meeting defendant's truck, going west, on Highway 290 inside the city limits of Levelland, Texas. At the approximate point of impact, a Levelland street, running generally north and south, intersects the highway.

 Considering as true all evidence favorable to plaintiffs and disregarding all evidence favorable to defendant, we find that the record reflects the following: that shortly before the accident, and as he was approaching the intersecting street, Peevy plainly signalled a left turn and turned his truck toward the left; that immediately thereafter he swerved back to the right; that when Peevy turned to the left, Ford also turned his automobile to the left in order to avoid colliding with Peevy's truck as it made the left turn; that when Peevy swerved back to the right, the two vehicles collided "head-on" on the north side of Highway 290, on Peevy's side of the road. It was evidently defendant's theory that because of the high rate of speed of Ford's automobile, Peevy, seeing that he did not have time to complete his left turn, was forced to swerve back to the right in an attempt to avoid a collision. It was evidently plaintiffs' theory that Peevy, in the exercise of reasonable care, should have seen Ford's automobile in time to complete the left turn or to realize before signalling a turn, that he did not have time to do so; and that Ford, in turning his automobile to the left, was merely reacting as a reasonable man would to the emergency created by Peevy.

We believe the above evidence raised a jury question as to whether or not Peevy's "false start" on a left turn was the proximate cause of the accident.

In support of the trial court's ruling, defendant presents two propositions, both of which rest on the assumption that there was no evidence tending to show primary negligence on the part of Peevy. Since, as shown above, such is not the case, these arguments are without merit.

The judgment of the trial court is reversed, with directions to grant plaintiffs a new trial.

JOHNSON, V. C. J., and DAVISON, ARNOLD and BLACKBIRD, JJ., concur.

HALLEY, C. J., and CORN and O'NEAL, JJ., dissent.