Agnes STEGALL, Plaintiff in Error,

v.

George E. DAVIS, Defendant in Error.

No. 36066.

Supreme Court of Oklahoma.

Feb. 23, 1955.

R. D. Miller, Ross Cox, Hollis, Robinson & Oden, Altus, for plaintiff in error.

Ryan Kerr, Altus, Pierce, Mock & Duncan, Oklahoma City, for defendant in error.

WELCH, Justice.

Agnes Stegall, for and on behalf of herself and children, as the widow and the children, respectively, of Lee Stegall, deceased, sued George E. Davis seeking damages for the death of Lee Stegall. The plaintiff charged negligence of the defendant; resulting in an automobile collision, and the death of Lee Stegall.

The trial court sustained a demurrer to the plaintiff's evidence and dismissed the action, and the plaintiff has perfected an appeal.

According to the evidence, at a certain date and time, Lee Stegall, now deceased, was driving a car south on a certain north-south county Highway toward an intersection with U. S. Highway No. 62, an east-west Highway. At the same date and time the defendant was driving a car east on Highway No. 62, and toward said intersection. A short time later the cars collided in the intersection, with resulting death to Lee Stegall, and a loss of consciousness to the defendant. The front, or the east end of the defendant's car struck the side, the then west side of the Stegall car, and at a point about half-way between the front and rear wheels of the Stegall car. At the time of

impact the left or then north side of the defendant's car was approximately two and one-half feet to the south of a line running along the center of the east-west Highway.

According to the testimony of the defendant, called as plaintiff's witness, he was rendered unconscious at the time of the collision in the intersection, and preceding the collision he did not see Stegall nor the Stegall car. Immediately preceding the time he lost consciousness he was driving his car easterly on U. S. Highway 62, and behind another car proceeding easterly in the south traffic lane of the highway. At a point approximately 300 yards west of the intersection the defendant's car passed the other car. After defendant's car had passed the other car, and had been driven back into the same lane of traffic as before said passing, the defendant looked up at a mirror in his car. In the mirror he saw a reflection of the car behind him. He then looked down at his speedometer and noticed it was registering 45 miles per hour. He then "blacked out." The speedometer was the last thing he saw before he awoke in a hospital after the collision.

The defendant stated that he was around 75 or 100 yards west of the intersection at the time he looked up at the mirror.

█ It is a settled rule that in determining whether or not a demurrer to the evidence should be sustained, the trial court should consider as true all evidence favorable to the party against whom demurrer is directed, and all inferences that may be reasonably drawn from such evidence, and disregard all evidence favorable to the demurrant. Shamblin v. Shamblin, 206 Okl. 133, 241 P.2d 941; Carter v. Pinkerton, 194 Okl. 34, 146 P.2d 842; Pinkerton v. Carter, 197 Okl. 95, 169 P.2d 192; Berbohn v. Pinkerton, 208 Okl. 242, 255 P.2d 260.

In statute 47 O.S.1951 § 121.6(a) it is provided:

"The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

Herein there were circumstances in proof to show that the decedent's vehicle proceeding south had been driven across the midline of the intersection of east-west Highway, when it was struck by the defendant's vehicle proceeding east on the east-west Highway, and that defendant's vehicle approached the decedent's vehicle at 45 miles per hour.

These physical facts in evidence considered in a light most favorable to the plaintiff permit an inference and is some evidence that the decedent's vehicle first entered the intersection and that the defendant failed to yield right-of-way in violation of the statute, supra, and was guilty of negligence, the cause of collision and death.

█ But regardless of which motorist may have had the statutory right-of-way neither was relieved from a duty of exercising reasonable care and caution not to injure another at the intersection. Sinclair Oil & Gas Co. v. Armour, 172 Okl. 442, 45 P.2d 754.

In statute 47 O.S.1951 § 121.3 it is provided:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than, nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead; * *.

"(j) It shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without regard for the safety of persons or property or in violation of the conditions outlined in paragraph (a)."

Under the defendant's testimony it is reasonably made to appear that the defendant drove his automobile from a point 300 yards west of the intersection at a speed of 45 miles per hour and into the intersection and to collision with the decedent's vehicle

without the defendant at any time noticing the conditions of the roadway ahead and the conditions in and about the intersection.

These circumstances in proof together with the physical facts in evidence all reasonably permit the inference that the defendant violated a duty of exercising reasonable care and caution not to injure another at the intersection, and that the defendant acted in violation of the above last quoted statute and with resulting injury to another.

In the circumstances of evidence reasonably tending to establish the defendant's negligence and resulting injuries to the plaintiff, it was error to sustain the defendant's demurrer to the evidence.

The judgment is reversed, and the trial court is directed to grant new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, ARNOLD, BLACKBIRD and JACKSON, JJ., concur.

HALLEY, J., dissents.