■ SALVATORE V. COLONNA, Appellant-Respondent, v. AERO MAYFLOWER TRANSIT Co., INC., et al., Respondents-Appellants.— In an action by Salvatore V. Colonna, the owner and operator of a motor vehicle, against Aero Mayflower Transit Co., Inc., the owner, and Winfield Connely, the operator, of a tractor-trailer to recover damages for injuries to person and property alleged to have been received as the result of a collision between the motor vehicle and the tractor-trailer, the jury rendered a verdict for $70,000 for injuries to person and for $225 for injuries to property against the owner and the operator of the tractor-trailer. The court set aside the verdict and granted a new trial, but denied motions to dismiss the complaint and for a directed verdict made during the course of the trial and on which decision had been reserved. Colonna appeals from so much of the order entered thereon as set aside the verdict and granted a new trial, and Aero and Connely appeal from so much of said order as denied their motions to dismiss the complaint and for a directed verdict. Order modified by striking from the first ordering paragraph everything following the words "hereby is" and by substituting therefor the words "denied, and it is". As so modified, order affirmed, with costs to appellant-respondent, and verdict reinstated. The accident happened on a four-lane east-west highway at about 10 o'clock in the evening, when it was raining or drizzling. The tractor-trailer was crossing the highway from the northerly side of the westbound side in order to enter on property on the southerly side of the highway. When the front of the tractor was at the medial strip of the highway, Colonna's vehicle was proceeding east in the right-hand lane of the eastbound side, about 150 feet from the place where the tractor was crossing the highway. The tractor-trailer entered into and continued across the eastbound side of the highway, without warning, at the rate of about 7 to 10 miles an hour, and its over-all length of some 40 feet blocked the entire width of the eastbound side of the highway when Colonna's vehicle came up to the place of the crossing and ran into the side of the trailer, near its rear. Although Colonna testified that he first became aware of a vehicle in his path when it was 70 to 75 feet in front of him, he also said that it appeared to him that that vehicle was merely one proceeding in the same direction as he was and that he did not become aware of the true situation until he was about 50 feet from the tractor. He applied his brakes when he was about 25 feet from it, and his car slowed down and swerved to the left before the impact. The evidence as to the speed of his vehicle up to the time that he applied the brakes varied from 30 to 40 miles an hour. The trial court set aside the verdict solely on the ground that the jury's finding of lack of contributory negligence was against the weight of the credible evidence. In our opinion, the verdict should not have been disturbed (see *McComb* v. *Boardman*, 199 App. Div. 229; *Suarez* v. *Katon*, 299 Mich. 38; *Carter* v. *Pinkerton*, 194 Okla. 34; *Ford* v. *Des Moines Ice & Cold Stor. Co.*, 187 Iowa 729). Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to affirm.