Donald MOSES, Appellant,

v.

John HANEY, Jr. and Pat Forsman d/b/a Forsman Asphalt, Appellees.

No. 60049.

Supreme Court of Oklahoma.

Sept. 23, 1986.

---

John Michael Johnson, H. Gene Seigel, Oklahoma City, for appellant.

Richard Gibbon, Brad Smith, Tulsa, for appellees.

DOOLIN, Vice Chief Justice.

Plaintiff/appellant was injured in a collision involving a truck owned by Forsman Asphalt and driven by Haney, appellees/defendants. Plaintiff brought suit alleging defendants were liable for negligence and seeking compensation for his injuries.

The facts established at trial showed the truck driven by Haney left the roadway and struck another vehicle which in turn struck plaintiff. Haney testified the brakes malfunctioned, causing the truck to skid and there was nothing he could have done to avoid the accident. Evidence showed the brakes had been recently repaired and that they had performed properly for some time prior to the accident.

There was conflicting evidence from a mechanic and the investigating police officer as to whether either observed anything which indicated the truck's brakes had malfunctioned.

During the proceedings, plaintiff moved for a directed verdict on the issue of defendants' liability, which motion was denied. After defendants presented expert, medical testimony disputing the extent of plaintiff's injuries, plaintiff sought to enter evidence to impeach defendants' expert, which the trial court refused to admit. At the conclusion of the trial the jury returned a general verdict for defendants by a vote of ten to two, whereupon plaintiff moved for judgment notwithstanding the verdict, which was also denied. Judgment was entered for defendants and this appeal followed.

Appellant relies on three propositions of error: That the trial court erred in refusing to direct a. verdict for plaintiff on the issue of liability and for not ordering judgment notwithstanding the verdict; that, counsel for the defense used unflattering and untruthful remarks in his closing argument; and that the trial court wrongfully excluded evidence to impeach defendants' medical expert.

■ We first address the allegedly improper remarks of defense counsel and note that no objection to those remarks was entered at the time they were made. This being the case, no error was preserved for appeal and this proposition is not available as a ground for reversal.[1]

Next we consider the allegation of error in the trial court's decision not to allow certain evidence submitted by plaintiff for the purpose of impeaching defendants' medical expert. The defendant's expert, Dr. Richardson, had testified that he disputed plaintiff's allegations as to the seriousness and permanency of his injuries. For purposes of impeachment, plaintiff sought to introduce two items of evidence: The first being the fact that Dr. Richardson had been sued for medical malpractice, and second, testimony by the Honorable Richard Armstrong, District Judge of Tulsa County, to the effect Dr. Richardson had once made untruthful statements on the witness stand. As support for the admissibility of these two items of evidence, plaintiff cites 12 O.S.1981, § 2608.[2]

■ Section 2608(B) clearly recognizes that in ruling on the admissibility of impeachment evidence on cross examination of the witness the trial court has broad discretion, and unless there is a clear abuse of that discretion, the decision will not be reversed on appeal.[3] In deciding a question of whether to admit impeachment evidence, the trial court should keep in mind that not every instance of malfeasance or misfortune in a witness' life bears on his character for truthfulness or untruthfulness.

■ In light of the foregoing, the trial court properly excluded evidence of the malpractice suit. That case dealt with professional, medical negligence and the issues and burdens of proof in such causes of action do not necessarily relate to matters of truth-telling and credibility.

■ Further, we find the decision not to admit Judge Armstrong's testimony falls within the Evidence Code's prohibition

---

**1.** *Burns v. Atchison, Topeka and Santa Fe Railway Co.,* 372 P.2d 36 (Okl.1962).

**2.** § 2608. Evidence of Character and Conduct of Witness

A. The Credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, subject to these limitations:

    1. The evidence may refer only to character for truthfulness or untruthfulness; and

    2. Evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked.

B. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Section 609 of this Code, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness if they:

    1. Concern his character for truthfulness or untruthfulness;

    2. Concern the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

    *    *    *    *    *    *

**3.** *Layton v. Purcell,* 267 P.2d 547, 553 (Okl.1954).

against proof of specific instances of conduct by extrinsic evidence. In an *in camera* offer of proof, the witness stated that during a lawsuit, tried before him, in which Dr. Richardson was a defendant he formed the opinion that Dr. Richardson had not been truthful under oath and had testified in such a way as to commit "an intentional error." Such specific instances of alleged misconduct may only be inquired into on cross-examination of the witness whose credibility is being questioned, and then only when the court, in its discretion, finds the matter probative of truthfulness or untruthfulness. They are never admissible as extrinsic evidence, such as by way of the proferred testimony of Judge Armstrong. 12 O.S.1931, § 2608(B). To have admitted the testimony would have been contrary to the Evidence Code.

Our agreement with the trial court's decision is reinforced when we consider the excluded evidence dealt only with the credibility of Dr. Richardson, and he testified only as to the degree of plaintiff's injuries. Inasmuch as the jury entered a general verdict for defendants, it is to be assumed they found in favor of defendants on all issues, including that of liability.[4] This being the case, it is unlikely that medical testimony or impeachment of medical experts would have affected the ultimate outcome. Since the jury found defendants not liable, the degree of plaintiff's injuries became a moot issue.

This leaves us with the remaining allegation of error, that the trial court erred in not directing a verdict on defendants' liability and in not granting plaintiff's motion for judgment notwithstanding the verdict.

■ Plaintiff based his motion for directed verdict on his assertion there was no evidence to support "a legally sufficient defense." He argued defendants' admis-

sion that the truck involved in the accident had experienced previous brake trouble estopped defendants to assert the truck had a defect of which they were not aware. Defendants could not, he therefore asserted, avail themselves of the defense of "latent defect." On the contrary, the facts peculiar to this case; that the truck's brakes had recently been repaired and these brakes had performed properly for some time prior to the collision; certainly could be construed to support the theory of latent defect.[5]

Further, plaintiff asserts his proof of negligence was so conclusive that no reasonable juror could fail to agree. In defense, defendants offered evidence in the form of testimony of the truck driver and the written report of the investigating police officer which could be believed to show the collision was caused by an unavoidable accident. That this evidence was controverted by plaintiff is not enough to take the issue of liability from the jury. In passing on a motion for a directed verdict a trial court should consider all evidence favorable to the party against whom the motion is directed, together with all inferences reasonably to be drawn therefrom and should disregard conflicting evidence favorable to the movant.[6]

Similarly, we have long held that where the jury has returned its verdict, the trial court is without authority to enter a judgment notwithstanding the verdict unless the party in whose favor such judgment is rendered would be entitled to judgment on the pleadings, or unless the jury has returned a special finding of fact contrary to the verdict.[7] Neither situation is shown by the record before us here.

■ Furthermore, just as in the case of a motion for directed verdict, in passing on a motion for judgment notwithstanding the

4. *Shamblin v. Shamblin,* 241 P.2d 941, 206 Okl. 133 (1952). See also *Bryce v. Maples,* 424 P.2d 93 (Okl.1967) which holds that unless exclusion of evidence results in miscarriage of justice, there is no error.

5. See: Black's Law Dictionary, 5th Ed. 794, and cases cited therein.

6. *First National Bank of Porter v. Howard,* 550 P.2d 561 (Okl.1976).

7. *Elliott v. Marshall,* 267 P.2d 599 (Okl.1954), and *Dover v. Smith,* 385 P.2d 287 (Okl.1963).

verdict, conflicting evidence favorable to the movant is disregarded, so long as there is any reasonable inference which reasonable people could choose to accept or reject, and if there is, the question then becomes the sole province of the jury.[8]

■ Upon close review of the record in this cause and after consideration of the arguments and authorities submitted by counsel, we find the questions of fact were submitted to the jury under instructions that fairly stated the law, and the verdict and judgment thereon will not be disturbed on appeal.[9]

The judgment of the trial court is therefore AFFIRMED.

SIMMS, C.J., and HODGES, LAVENDER, HARGRAVE, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in part, dissents in part.

---

**8.** *Sandlin v. Freeman*, 393 P.2d 816 (Okl.1969), and see: *Sadler v. T.J. Hughes Lumber Co.*, 537 P.2d 454 (Okl.App.1975).

**9.** *Liberty Plan Co. v. Adwan*, 370 P.2d 928 (Okl. 1962).