G.H.K. COMPANY, a partnership, Appellee/Cross Appellant,

v.

JANCO INVESTMENTS, INC., an Oklahoma Corporation, Appellant/Cross Appellee.

No. 64613.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 15, 1987.

Rehearing Denied Oct. 13, 1987.

Certiorari Denied Dec. 17, 1987.

Linda G. Scoggins, and Jeffery H. Contreras, Oklahoma City, for appellee/cross appellant.

Steven C. Stapleton, Tulsa, for appellant/cross appellee.

HUNTER, Judge:

Appellee, G.H.K. Company, brought suit against Appellant, Janco Investments, Inc., seeking damages representing the unpaid balance of Appellant's proportionate share of the cost of drilling and completion of a certain deep gas well, Hestand No. 1–11. Appellee alleged that Appellant had elected to participate in the drilling of the well by its execution of an authority for expenditure, commonly referred to as an "AFE"; a written request for "blowout" insurance coverage and its timely payment of the first invoice representing payment of the initial drilling costs. Appellant denied any liability alleging that its execution of the "AFE" and payment of the first invoice did not represent an election to participate in the development of the well. Further, Appellant did not execute the joint operating agreement prepared by the Appellee for its signature. Appellant counterclaimed seeking judgment in the amount of $29,462.73, representing the amount it had paid on the initial invoice and also prayed for punitive damages.

The case was tried to a jury which rendered its verdict in favor of Appellee and

against Appellant in the amount of $18,000. The jury also found in favor of Appellee and against Appellant on Appellant's counterclaim. Subsequently, Appellant filed its motion for judgment notwithstanding the verdict, which was denied by the trial court. The Appellee also filed its motion for judgment notwithstanding the verdict, or in the alternative, for additur or partial new trial on the issue of damages, based on the jury's failure to award Appellee the entire amount of Appellant's unpaid proportionate share of drilling and completion costs. Appellee's motions were denied by the trial court, and judgment was entered on the jury verdict. From the trial court's order denying its motion for judgment notwithstanding the verdict, the Appellant has timely perfected this appeal. From the trial court's order denying its motions for judgment notwithstanding the verdict, or in the alternative additur or partial new trial, the Appellee has timely perfected its cross appeal.

■ Appellant contends the trial court erred in failing to grant its motion for judgment notwithstanding the verdict. Appellant alleges that its execution of an "AFE" is not sufficient to bind the parties to an agreement to participate. This specific question has not previously been addressed in Oklahoma. Authorities from other jurisdictions have been cited by both parties in support of their respective positions. However, we do not find the cited authorities persuasive. The record reflects that Appellant did execute an "AFE" as well as a request for "blowout" insurance, and did pay the first invoice from Appellee. The record also reflects the Appellant did not sign a written joint operating agreement. Conflicting expert testimony was presented to the jury as to the effect of the execution of an "AFE", within the use and custom of the oil and gas industry in the State of Oklahoma. At the close of all of the testimony, the trial court denied the parties' motions for directed verdict and the case was submitted to the jury.

After the jury has returned its verdict, the trial court is without authority to enter a judgment notwithstanding the verdict unless the party in whose favor such judgment is rendered would be entitled to judgment on the pleadings. Further, just as in the case of a motion for directed verdict, in passing on a motion for judgment notwithstanding the verdict, conflicting evidence favorable to the movant is disregarded, and so long as there is any reasonable inference which reasonable people could choose to accept or reject, the question then becomes one within the sole province of the jury. *Moses v. Haney,* 725 P.2d 866 (Okla. 1986). The record reflects the question of the effect of Appellant's actions in executing the "AFE", the written request for "blowout" insurance coverage and timely payment of the first invoice for its proportionate share of drilling costs, was a fact question, and properly submitted to the jury. The trial court was correct in denying Appellant's motion for judgment notwithstanding the verdict.

■ Appellant contends the trial court erred in submitting Instruction No. 8 which provides in part:

"If you find ... that under the custom and usage of the oil business in Oklahoma that the signing of an authorization for expenditure did constitute an election to participate as a nonoperating, working interest owner, then you will find in favor of the Plaintiff ..."

Appellant objected to the instruction and orally moved that the court add an additional paragraph as follows:

"That in order for a custom or usage to be available against a person it must be so notorious as to affect him with the knowledge of it and raise the presumption that he dealt with reference to it or he must be shown to have had actual knowledge to it."

The trial court declined to make that addition noting that everyone involved in the lawsuit was in the oil business, thus presuming that all parties were aware of the custom and usage within the industry. The trial court's refusal to give the requested addition to Instruction No. 8 did not constitute reversible error. A judgment will not disturbed on appeal because of allegedly erroneous instructions unless

it clearly appears that the instruction given or refused either caused a miscarriage of justice or led to a different verdict than would have been rendered but for this alleged error. *Nail v. Oklahoma Children's Memorial Hospital,* 710 P.2d 755 (Okla. 1985). The record reflects that the instructions taken as a whole fairly present the law applicable to the issues raised by the pleadings and evidence. We cannot say that it clearly appears the trial court's refusal to make the addition to Instruction No. 8 caused a miscarriage of justice.

■ Appellant contends the trial court did not have subject matter jurisdiction over this dispute. Appellant argues that because of the issuance of a pooling order by the Corporation Commission concerning the parties and the well in question, the exclusive jurisdiction for this dispute lies with the Corporation Commission. This proposition is without merit. The record reflects that a pooling order was ultimately issued by the Corporation Commission and the Appellant elected to participate by farming out its interest. However, the forced pooling order was issued several months after the execution of the "AFE" by Appellant, and the question of Appellant's participation as a result of the execution of the "AFE" preceded the issuance of the pooling order. This dispute is a private dispute between the parties as to Appellant's liability because of its alleged participation as a non-operating working interest owner. This is a private contract and it is clearly beyond the Corporation Commission's conferred jurisdiction, as it concerns a dispute between private parties in which the public interest and correlative rights are not involved. *Samson Resources Company v. Corporation Commission,* 702 P.2d 19 (Okla.1985). The District Court was the proper forum for this dispute.

## CROSS–APPEAL

Appellee contends the trial court erred in denying its motion for judgment notwithstanding the verdict or, in the alternative, motion for additur or partial new trial. Appellee's request was based solely on the jury verdict. The jury verdict accepted by the court is a general verdict signed by the foreman and nine other jurors. It states:

"We, the jury, impaneled and sworn in the above entitled cause, do, upon our oaths, find for the plaintiff and fix the amount of its recovery at $18,000 and the defendant takes nothing."

Additionally, the jury submitted a written explanation of its conclusions in reaching a verdict. This was handwritten, signed by the foreman and submitted concurrently with the standard verdict form. It states:

"We the jury feel Janco was a participant in the well but that mismanagement on behalf of both companies contributed to the loss of a $105,614.75. In arriving at the figure of $18,000 to be paid to the plaintiff by the defendant, we felt the loss should be shared between Janco and G.H.K. G.H.K. will keep the $29,462.73 and Janco will pay G.H.K. $18,000."

The trial court treated the written addition as surplusage, accepted the verdict of $18,000 and discharged the jury. Appellee made no objection to the verdict prior to the discharge of the jury.

■ Appellee argues that the damage portion of the jury verdict is inconsistent with its finding of liability of Appellant to Appellee. We agree. The record reflects that the amount prayed for by Appellee was $76,152.02 and was in the nature of a liquidated claim. Appellant presented no evidence to dispute the reasonableness of the cost incurred in drilling the well, or the amount of damages sought by Appellee. Appellant's entire line of defense went to the question of liability. Therefore, the amount of damages awarded by the jury is wholly inconsistent with their finding of liability on the part of Appellant. The verdict of $18,000 damages would in and of itself be questionable in light of the evidence before the jury, but the additional written explanation clearly shows that the jury made a substantial allowance to Appellant based upon consideration of some theory of mismanagement which was never asserted or put at issue and upon which there is no evidence in the record.

■ Appellant argues that because Appellee did not object to the verdict at the time it was returned and before the jury

was discharged, any objection to the verdict was waived. This argument is correct if Appellee's objection was to the "form" of the verdict. Title 12 O.S. 1981 § 586 provides in part:

"... if, however, the verdict be defective in form only, the same may, with the assent of the jury, before they are discharged, be corrected by the court."

However, Appellee's objection is not to the "form" of the verdict because the verdict is inconsistent within itself. The jury found liability on the part of the Appellant, and based upon the evidence before it, could not have found any sum less than the total amount prayed for in damages. The alleged defect in the verdict in this case was not such a defect in form only as could have been cured by amendment as outlined in 12 O.S. 1981, § 586. Appellee's failure to object to the form of the verdict at the time it was returned was not fatal. *Burkett v. Moran*, 410 P.2d 876 (Okla.1965).

Appellee has requested an increase in the verdict from $18,000 to the amount of $76,152.02, the amount prayed for and supported by the evidence. This requested additur was denied by the trial court, but will be granted by this court. This case is not a tort case in which additur would not be proper, but is a verdict on a liquidated claim. The record is clear that the verdict of the jury was inconsistent; inadequate; contrary to the undisputed evidence presented, and capable of correction by accurate measurement. Therefore, it would serve no expedient purpose to remand this matter for new trial on the limited issue of damages.

For the reasons stated above, the judgment of the trial court entered on the jury verdict is AFFIRMED as to liability of the Appellant, but REVERSED AND REMANDED WITH INSTRUCTIONS to enter judgment for Appellee in the amount of $76,152.02.

HANSEN, P.J., and BAILEY, J. concur.