MAYER v. KEENER et al.

No. 31810. June 19, 1945.

Rehearing Denied. Sept. 11, 1945.

*163 P. 2d 991.*

D. D. Brunson, of Ada, for plaintiff in error.

Wimbish & Wimbish, of Ada, for defendants in error.

CORN, J. This is an appeal by W. J. Mayer from an order of the trial court refusing to vacate the following judgment:

"This cause came on for hearing on the motion of the plaintiffs for judgment nunc pro tunc on the 11th day of March, 1937, said day being a regular court day of the January, 1937, term of said court. The court after hearing the motion and being advised in the premises finds, that: On the 21st day of March, 1932, this cause came on to be tried before a jury in this court and the jury returned a verdict in favor of the plaintiffs and against the defendants in the sum of $1,100. Said verdict omitting the

formal parts being substantially in words and figures as follows: 'We the jury empaneled and sworn to try the issues in the above entitled cause do upon our oaths find for the plaintiffs and against the defendants in the sum of $1,100. Signed, W. W. Barnett, foreman.' That thereafter on the 23rd day of March, 1932, the defendants filed their motion for a new trial as provided by law. That on the 5th day of March, 1934, said motion for new trial came on to be heard before the judge of said district court of Coal county, Oklahoma, and the same was overruled and the defendants were granted 60 days to make and serve case-made; 10 days to suggest amendments and the same to be settled on 5 days notice to either party.

"That no appeal has been taken from the order of the court overruling said motion for new trial. And it further appearing the journal entry of judgment has never been filed herein the court finds that the plaintiffs are entitled to judgment herein nunc pro tunc as of the date of March 5th, 1934.

"It is therefore ordered, adjudged and decreed that the plaintiffs have judgment against the defendants, George Dawson and W. J. Mayer, in the sum of $1,100 together with interest thereon at the rate of 6% per annum from the 21st day of March, 1932, and for all costs of this action taxed at $14.65 for all of which sum or sums let execution issue."

At the hearing December 10, 1943, on the motion of the defendant to vacate judgment nunc pro tunc, the defendant testified that the sheriff of Coal county had recently served an execution on him and seized and taken possession of his automobile by virtue of said judgment; that he lived in Pontotoc county, Okla., in 1932, and has lived there ever since. That he was never given any kind of notice of the hearing for the judgment nunc pro tunc and was not present in person or by attorney. George Dawson, the other defendant, who is not a party to this appeal, testified to the same state of facts. The record in this case does not reflect that the defendant was notified of or was present at the hearing.

The defendant Mayer contends that the said judgment nunc pro tunc is an absolute nullity for the reason that it was rendered by the court in the absence of the defendant or his attorney and without notice to said defendant of the time and place of the hearing on the motion and rendering of said purported judgment. And it is not alleged in the motion for judgment nunc pro tunc that a judgment had been rendered on the verdict and/or that by oversight or inadvertence the clerk had failed to enter the same of record.

The record reflects that the defendant filed answer and participated in the trial. The verdict of the jury is a matter of record. He filed motion for new trial. He gave notice of appeal which he never perfected. Under the above facts we are of the opinion that the court did not err in refusing to vacate said judgment.

In 15 R.C.L. page 624, it is said:

"In most jurisdictions a judgment nunc pro tunc may be entered without notice, especially where the record affords conclusive data for sustaining the application, without resort to extraneous evidence."

The cases cited by the defendant in support of this assignment of error are not applicable to the facts in this case.

In regard to the last part of the assignment of error, that there is no allegation in the motion of the plaintiff for an order nunc pro tunc that a judgment had been rendered, we find no merit, as a part of said motion is as follows:

"That thereafter, on the 23rd day of March, 1932, the defendants filed their motion for a new trial in said cause. That this motion was overruled on the 5th day of March, 1934, and judgment was rendered in favor of the plaintiff Bessie Keener and Albert Keener for the sum of $1,100 *together* with all costs of this action."

There is no substantial merit in the other assignments of error.

A supersedeas bond has been given in this case; judgment is therefore rendered against the principal and sureties.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and WELCH, JJ., concur. DAVISON, J., not participating.